MARVIN, Chief Judge.
In this action to seize income and principal of a spendthrift trust, FDIC, a judgment creditor, appeals a judgment that sustained exceptions of res judicata and no *919 cause of action filed by the Trustee, and beneficiary.
Finding FDIC’s claim barred by res judi-cata in effect before January 1, 1991, we affirm. Former LRS 13:4231; LRS 9:2005(3).
FACTS
The will of Marjorie Palmer McLean, who died on March 10, 1988, named her daughter, Mary McLean Obering, executrix of her succession, made various specific bequests not germane to this appeal, and left the residue of her succession one-half to Ms. Obering and one-half in the subject spendthrift trust to her son, Harvey D. McLean, Jr. Ms. Obering is the trustee, and Harvey McLean is the sole income and principal beneficiary.
On November 22,1988, FSLIC obtained a $38 million judgment against Harvey McLean in a Texas federal court suit for nonpayment of promissory notes. In January 1989, the FDIC, FSLIC’s successor-in-interest to the judgment and the notes, caused McLean to be placed in involuntary bankruptcy in Texas.
On April 25,1990, Ms. Obering, as executrix and as trustee of the Harvey McLean Trust, ruled the bankruptcy trustee and FDIC into state court to show cause why bequests should not be paid, and petitioned for partial possession and for a declaratory judgment. The bankruptcy trustee and the FDIC filed exceptions to these filings.
The state court, by order of June 21, 1990, authorized the succession to pay the bequests to the McLean Trust, declared the McLean Trust to be a valid and enforceable spendthrift trust, and declared the $38 million judgment against McLean was not one for which seizure of trust assets was permitted because the judgment, having been obtained in an action on promissory notes, was not founded on an “offense or quasi-offense” under Louisiana law.
The bankruptcy trustee appealed portions of that judgment, but did not appeal that part of the judgment declaring that the judgment or the debt he and the FDIC asserted was not a judgment for which seizure of trust assets was permitted under LRS 9:2005(3). The FDIC did not appeal any part of that judgment. We affirmed the trial court judgment in Succession of McLean, 580 So.2d 935 (La.App. 2d Cir.1991), writ denied.
On January 9, 1991, the bankruptcy court in Texas ruled that approximately $1.28 million of the FDIC’s judgment against McLean was exempt from the discharge granted him in bankruptcy. On February 4, 1991, the FDIC filed in the state court a rule to show cause why the interest of Harvey McLean in the McLean Trust should not be subject to seizure. Ob-ering, as trustee, and McLean, as beneficiary, filed exceptions of prematurity, no cause of action, res judicata, and lack of subject matter jurisdiction.
On November 21, 1991, the state court sustained the exceptions of res judicata, and also held that the FDIC had no cause of action because the bankruptcy court judgment of January 9, 1991, ruling on the non-dischargeability of some of McLean’s debts, was not a “judgment” for an “offense or quasi-offense” that would justify invasion of the assets of the spendthrift trust under Louisiana law.
RES JUDICATA
We determine the preclusive effect and authority of the June 21, 1990, trial court judgment by the law in effect before January 1, 1991. Section 5 of Acts 1990, No. 521. Former LRS 13:4231 provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded upon the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The FDIC contends that the trial court erred in sustaining the exception of res judicata because its state court demand in the February 4, 1991, rule to show cause was not founded on the same cause of action decided by the June 21, 1990, state court judgment which became final and *920 definitive. The FDIC argues that the February 4, 1991, rule to show cause was based upon the January 9, 1991, ruling of the U.S. Bankruptcy Court that certain of McLean’s debts to the FDIC were not dis-chargeable in bankruptcy, which ruling did not exist when the state court rendered its June 21,1990, judgment. We find no merit in FDIC's contentions for these reasons:
Obering’s and McLean’s April 25, 1990, state court rule to show cause stated in pertinent part:
XI.
John D. Litzler, McLean’s trustee in bankruptcy (“Litzler”), purports to make claims against the Trust assets....
XII.
Obering alleges and seeks a declaratory judgment that the debt or debts asserted against McLean by Litzler and by the Federal Deposit Insurance Corporation ... are not debts for which seizure of trust assets, either principal or income, is permitted under La.Rev.Stat. 9:2005.
XIII.
In particular, but without limitation, Obering alleges that the debt or debts asserted by Litzler is [sic] not based on any judgment at all, and the debt or debts asserted by the FDIC are based on a judgment or judgments obtained following a suit or suits on a note, and not upon a judgment for “an offense or quasi-offense” as prescribed in § 9:2005(3). (Emphasis added.)
The June 21, 1990, state court judgment in favor of Obering and McLean declared:
[T]he debt or debts asserted by John D. Litzler, Trustee in Bankruptcy for Harvey D. McLean, Jr. and the Federal Deposit Insurance Corporation ... are not judgments for which seizure of trust assets, income or principal, is permitted under Louisiana Revised Statute § 9:2005(3). (Emphasis added.)
That part of the June 21, 1990, trial court judgment was not contested on appeal by the Trustee. FDIC did not appeal. Succession of McLean, supra at 943.
We emphasize that FDIC’s February 4, 1991, state court rule to show cause seeking to seize the interest of Harvey McLean in the McLean Trust stated in pertinent part:
5.
On or about May 16, 1989, the FDIC filed its Original Complaint in an adversary proceeding in the ... bankruptcy case of McLean ... seeking a judgment excepting certain debts of McLean from any discharge McLean might receive in said bankruptcy case.
6.
On or about October 15, 1990, the Bankruptcy Court heard the motion of the FDIC for summary judgment in the Adversary Proceeding....
7.
On January 9, 1991, the Bankruptcy Court entered its final judgment in the Adversary Proceeding ... Said judgment grants the motion of the FDIC for partial summary judgment, decrees that the debt of McLean to the FDIC for $360,-000.00 plus interest ... is not discharged pursuant to 11 U.S.C. § 523(a)(2)(A), decrees that the debt of McLean to the FDIC for $920,000.00 plus interest ... is not discharged pursuant to 11 U.S.C. § 523(a)(2)(A).
8.
The judgment of the Bankruptcy Court constitutes a judgment for an offense or quasi-offense committed by McLean, and FDIC desires and is entitled to an order of this Honorable Court permitting seizure of any portion of McLean’s interest in the income and principal of the Trust up to, but not in excess of, the amount of the judgment awarded FDIC in the Adversary Proceeding.
“Cause” is the legal obligation upon which the action is founded. Smith v. Howell Industries, Inc., 579 So.2d 1236 (La.App. 3d Cir.1991). The state court *921 ruled in the June 21, 1990, judgment that the FDIC judgment was based on the “cause” of the promissory notes and not on an offense or quasi-offense under Louisiana law.
The June 21, 1990, state court judgment further held that FDIC, as judgment creditor, did not have the right to seize the spendthrift trust assets of the McLean Trust under LRS 9:2005(3). The seizure of the trust assets under LRS 9:2005(3) is precisely what FDIC seeks to obtain in its February 4, 1991, state court rule to show cause. FDIC’s claim in bankruptcy against McLean and in the state court against the McLean Trust has always been founded on the November 22,1988, Texas federal court action on the promissory notes and the resulting judgment against McLean for $38 million in that action.
FDIC’s February 4, 1991, rule to show cause again squarely seeks a state court ruling on whether FDIC’s judgment is based on an offense or quasi offense. That issue was squarely litigated and adjudicated between the litigants, including FDIC, and was resolved in the June 21, 1990, state court judgment, part of which was appealed by the bankruptcy trustee to this court and affirmed. FDIC did not appeal that judgment. See McLean, supra. The state court judgment of June 21, 1990, became definitive and has the authority of a thing adjudged. Former LRS 13:4231.
DECREE
The trial court correctly held that FDIC’s demand in the February 4, 1991, rule to show cause was barred by res judicata. At appellant’s cost the judgment is AFFIRMED.