722 So.2d 364 (1998)
John NATION, Plaintiff-Appellant,
v.
D & J TIRE, INC., Defendant-Appellee.
No. 31,345-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
*365 Jay A. Pucheu, Marksville, Counsel for Appellant.
Gold, Weems, Bruser, Sues & Rundell by Carolyn J. Smilie, Alexandria, Counsel for Appellees.
Before NORRIS, CARAWAY and PEATROSS, JJ.
PEATROSS, J.
In this workers' compensation case, Plaintiff, John Nation ("Nation"), was injured in August 1995 during the course and scope of his employment with D & J Tire Company, Inc. ("D & J"). He later filed a claim contending that certain diagnostic studies recommended by his neurosurgeon had not been timely approved by D & J. The workers' compensation judge ("WCJ") ultimately concluded that D & J was arbitrary and capricious in waiting more than seven months to seek a second opinion, and the WCJ ordered D & J and its insurer to pay $1,000 in penalties and $1,000 in attorney fees. On appeal, Nation alleges that the WCJ's award of $1,000 as a penalty was abusively low and should be increased, and that the WCJ's award of $1,000 in attorney fees was also abusively low and should be increased. For the reasons set forth herein, we agree that these awards should be increased.

FACTS
In August 1995, Nation was injured during the course and scope of his employment with D & J. Coverage was provided by National Union Fire Insurance Company of Louisiana who administered the claim through AIG Claims Service ("AIG") in New Orleans. During administration of the claim, authorization was given to Nation to see Dr. Warren Long, a neurosurgeon in Shreveport. The report of Dr. Long contained recommendations for certain diagnostic testing. Mary San Marco, the adjuster with AIG, testified that she received the report on October 17, 1996. Ms. San Marco subsequently received two requests from Nation's attorney for approval of the diagnostic testing. No action was taken regarding Nation's case until May 20, 1997, when Ms. San Marco reviewed the file to determine a choice for D & J for an evaluating neurosurgeon for a second opinion. It was Ms. San Marco's testimony that *366 the delay of more than seven months before reviewing Nation's case was reasonable because, in her opinion, the need for such diagnostic testing was not urgent or immediate.

DISCUSSION
The provisions of La. R.S. 23:1201(F) provide, in pertinent part:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
Awards of attorney fees and penalties are not intended to compensate a workers' compensation claimant and thereby make the claimant whole, but rather are intended to discourage certain behaviors on the part of an offending party, such as an employer's and insurer's indifference toward an injured employee. Sharbono v. Steve Lang and Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. The determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact, and the WCJ's finding should not be disturbed on appeal in the absence of manifest error. Oliveaux v. Riverside Nursing Home, 29,419 (La.App.2d Cir.4/2/97), 691 So.2d 340.
In the instant case, the WCJ held that D & J was arbitrary and capricious in its actions. D & J has not appealed that judgment, and does not argue on appeal that the WCJ erred in finding that the actions of D & J were arbitrary and capricious. Accordingly, we need not address the question of whether or not penalties and attorney fees were appropriate, but only whether or not the amounts awarded were appropriate. While we agree with the jurisprudence applying the manifest error standard to the question of whether or not an employer should be cast with penalties and attorney fees, we do not agree that the amount awarded by a WCJ in a workers' compensation case should be subject to the manifest error standard when the WCJ has found the employer's conduct to be arbitrary and capricious, and the amount awarded is less than the amount prescribed by the mandatory language of La. R.S. 23:1201(F). In the instant case, applying a rate of $50 per calendar day, for even one of the months during which the benefits were delayed, results in a penalty reaching the statutory maximum of $2,000. Considering the language of the statute, and observing that the WCJ offered no explanation for the $1,000 penalty award, the WCJ's judgment is amended to raise the amount of penalties to the statutory maximum of $2,000.
In regard to the $1,000 awarded for attorney fees, it is noted that such award for attorney fees must be reasonable based on such considerations as the degree of skill and work involved, the number of court appearances, depositions, office work and time spent in court. See Henton v. Walker and Wells Contractors, Inc., 25,821 (La.App.2d Cir.5/4/94), 637 So.2d 672, writ denied, 94-1491 (La.9/23/94), 642 So.2d 1295. D & J argues that the counsel for Nation presented no direct evidence of the time spent on this matter, and that the WCJ simply relied on the record in making the award of attorney fees. D & J further argues that the record shows only one deposition was taken; that the deposition was set by counsel for the defense; that no motions or exceptions were set, filed or heard prior to trial; that claimant's counsel simply attended a mediation conference, prepared a pre-trial statement, attended the deposition of one fact witness and appeared at a trial in which only one witness testified and that the entire trial took less than one hour. D & J argues that the $1,000 attorney fee award was, therefore, within the discretion of the WCJ.
In addition to filing the claim for this incident, Nation asserts that the presence of his attorney was required in Monroe, Louisiana, for the workers' compensation mediation conference, while his attorney has his office in Marksville, Louisiana; that his attorney made another appearance in Monroe related to mediation of the case in May 1997; that *367 his attorney attended a deposition in New Orleans in November 1997 and that his attorney attended the hearing on the merits on November 19, 1997.
Although the trial proceedings were brief, a review of the appellate record convinces us that Nation's attorney invested a significant amount of time in this matter, and that while the award of attorney fees is covered by the manifest error standard, the WCJ abused her discretion in awarding only $1,000 in attorney fees. Accordingly, the attorney fees are increased to $2,500.

CONCLUSION
For the reasons set forth above, the judgment of the WCJ awarding penalties and attorney fees is amended to increase the award for penalties to $2,000, and to increase the award for attorney fees to $2,500. Costs are assessed to D & J.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.