761 So.2d 618 (2000)
John E. BURRELL
v.
EVANS INDUSTRIES and Eagle Pacific Insurance Company.
No. 99-CA-1194.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
Writ Denied June 30, 2000.
*620 Sidney W. Degan, III, John C. Enochs, Degan, Blanchard & Nash, New Orleans, Louisiana, Attorneys for Defendants/Appellants.
David J. Benedict, Metairie, Louisiana, Attorney for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and JAMES L. CANNELLA.
GOTHARD, Judge.
Defendants, Evans Industries and Eagle Pacific Insurance Company ("Evans"), appeal from a judgment finding that plaintiff suffered an on-the-job injury and that plaintiff was entitled to workers' compensation indemnity and medical benefits. The judgment found that claimant was injured by an accident during the course and scope of his employment on October 8, 1997; that claimant was entitled to the payment of temporary total disability benefits from October 21, 1997 through May 26, 1999; that claimant was entitled to the payment of supplemental earnings benefits from May 27, 1999 through the date of trial; and that claimant was entitled to the payments of all medical, medication and transportation expenses. The trial court further found that defendants were arbitrary and capricious in their failure to pay, and assess a penalty of $2,000.00 and attorney fees of $2,000.00. For the following reasons, we affirm the decision of the trial court, and we amend the award of attorney fees to award an additional $1,000.00 for the fees incurred in this appeal. We remand the matter for a determination of the amount of supplemental earnings benefits to which claimant may be entitled.

FACTS
In October of 1997 claimant, John E. Burrell, was employed by defendant Evans as a machine operator. As part of his job, Burrell would lift boxes containing metal flanges, weighing as much as 60-70 pounds. Burrell would lift a box off the floor and balance it on his left knee, place the knee on a platform, then raise the box chest high and slide it into a bin. Burrell testified that, on Wednesday, October 8, 1997, while he was performing this maneuver, he felt a "pulling" in his back that went down to his right foot. At that time, he thought that he might have had a muscle spasm. He reported the pain to his supervisor, Brian (Cheffer). Plaintiff testified that two of his co-employees asked him why he was walking funny and he told them about the pain. Burrell finished the day on Wednesday, and then worked the entire next day. He noted that the right side of his foot and his two small toes were numb and he began to feel increasing pain. On Friday, he left work early to go to his group benefits physician. He was examined by Dr. Marino, who gave him some medications. Burrell rested for the remainder of that Friday. On Saturday he returned to work. He still felt the numbness and the "pull"; however, he was able to perform his duties. On Sunday, Burrell spent the entire day resting, as the pain began to get worse. By Sunday evening, he was in great pain, and he went to the Emergency Room at Meadowcrest Hospital. He was given medications and released.
On Monday, Burrell contacted his employer and told them that he would be late, as he had taken the medications on Sunday night. At that time, the employer sent him to see Dr. Logan, the company doctor. Dr. Logan opined that plaintiff had likely suffered a pulled hamstring.
At trial, Brian Cheffer testified that, despite the employer's strict policy regarding immediate reporting of on the job injuries, plaintiff did not report his injury until Tuesday, after he had seen Dr. Logan. Bob Trilla, plant manager, testified that he was not informed of the accident until *621 after that Monday. Mr. Trilla stated that he interviewed several workers, none of whom knew of claimant's injury. He did not interview plaintiff since he had not returned to work. Three of claimant's team workers testified that they did not know of plaintiff's injury until after he had seen the doctor.
At the end of that week, Burrell returned to Dr. Logan with complaints that the pain was increasing. The right side of his foot was numb and he could not stand fully erect. Dr. Logan referred him to Dr. Cashio.
Burrell related to Dr. Cashio that he had pain in the lower back to the bottom of his foot and the right side of his foot were completely numb, as were his little toes. After examination, Dr. Cashio prescribed bed rest. Since that time, the claimant has not been able to return to work. Dr. Cashio suspected S1 radiculopathy and referred plaintiff to Dr. Culicchia for a neurosurgical appointment.
Dr. Carl Culicchia examined the plaintiff on October 24, 1997. As a result of the examination, Dr. Culicchia suspected right S1 radiculopathy, and he requested that an MRI be done. Dr. Culicchia stated that plaintiff told him that he had been lifting heavy boxes at work and that he (plaintiff) did not recall a specific injury.
Next, claimant sought treatment with Executive Chiropractic Services. Dr. Barret S. Richter first examined plaintiff on November 6, 1997. At that time, he diagnosed lumbar sprain/strain with associated vertebral subluxation complex, he suspected that there was a herniated disc. He saw plaintiff again on December 12, 1997, at which time he stated that the plaintiff was temporarily totally disabled. A magnetic resonance imaging (MRI) was performed on December 29, 1997, and Dr. Richter re-evaluated the plaintiff on January 21, 1998. With the benefit of the MRI and his examination, he diagnosed a disc herniation at L5-S1 impinging on the nerve root. He also saw a disc bulge at L4-L5. Dr. Richter last examined plaintiff on April 1, 1998, with the same results as the previous examinations.
On January 7, 1998, plaintiff was examined by Dr. Tiwari, a neurologist. He diagnosed right sided S1 radiculopathy associated with a right-sided L5-S1 ruptured disc. Dr. Tiwari opined that the injury occurred during the course and scope of plaintiff's employment. On January 15, 1998, Dr. Tiwari recommend that plaintiff undergo surgery.
On February 16, 1998, plaintiff was examined by Dr. Robert Fleming of Westside Orthopaedic Clinic. Dr. Fleming diagnosed herniated nucleus pulposus, L5-S1 on the right side with right leg radiculopathy, and he recommended that plaintiff undergo surgery. Dr. Fleming concluded that plaintiff was unable to return to work, and that the injury related back to his work accident.
The testimony of Dr. Ferrer, an orthopedic surgeon at Parkview Regional Medical Center in Mississippi, was introduced at trial via deposition taken on September 8, 1998. Dr. Ferrer examined plaintiff on May 1, 1998, and his examination suggested a herniated disc at L5-S1. An MRI established the existence of the disc. Dr. Ferrer conducted a laminectomy discectomy on May 5, 1998. Plaintiff progressed well after the surgery and was released to return to work with restrictions on July 22, 1998. Dr. Ferrer stated that maximum medical recovery would be achieved in 6 to 12 months, that plaintiff would be left with a 7% impairment, and that he could not guarantee that claimant would have no restrictions on his future employment. Dr. Ferrer testified that, in his opinion, the surgery was both reasonable and necessary.
On July 10, 1998, claimant saw Dr. Ferrer for knee pain as a result of a bone contusion. Dr. Ferrer stated that claimant never told him that the knee pain was work related.
*622 Delores Perkins of AIG Claims Service investigated plaintiff's claims for worker's compensation. She received Burrell's file on November 11, 1997. Based on the medical records she received, plaintiff was given a status of temporary total disability. She testified that plaintiff's claims were denied on the basis that no work related accident had been proven, since the alleged accident was unwitnessed and all employee statements contradicted plaintiff's statements.

ASSIGNMENTS OF ERROR
In brief, defendants state the following assignments of error:
1. The trial court committed reversible error in finding that claimant suffered an injury arising out of the course and scope of his employment.
2. The trial court committed reversible error in finding that claimant proved his injury resulted from an accident occurring in the course and scope of his employment.
3. The trial court committed reversible error in finding that claimant can avail himself of the presumption of causation.
4. The trial court committed reversible error in finding that Burrell has a disability as a result of a workplace injury because Burrell was released to return to work by Dr. Ferrer on July 22, 1998.
5. The trial court committed reversible error by not finding that the employer and carrier are entitled to a medical offset for medical expenses paid by Burrell's private health insurance.
6. The trial court committed reversible error in finding that claimant is entitled to penalties and attorney's fees.

ANALYSIS
The party claiming workers' compensation bears the burden of establishing by a preponderance of evidence that he has received "personal injury by accident arising out of and in the course of his employment." La. R.S. 23:1031(A); Hoy v. Gilbert, 98-1565 (La.3/2/99), 754 So.2d 207; Collins v. Browning-Ferris, Inc., 93-365 (La.App. 5 Cir. 12/14/94), 650 So.2d 770. Whether the claimant has met his burden of proof is a factual issue, and the hearing officer's decision will not be disturbed on appeal absent manifest error. An appellate court can set aside the hearing officer's factual finding only if the record demonstrates that there was no reasonable basis for this factual finding and that this finding is clearly wrong. Hoy v. Gilbert, supra.
In this case, the worker's compensation judge found that plaintiff had proved by a preponderance of the evidence that he suffered a work related injury which entitled him to compensation benefits. Plaintiff testified that he performed a job which involved lifting heavy boxes, and that after one such lift he felt pain in his back. He stated that he believed he only pulled a muscle, a not uncommon occurrence, and therefore he continued to work. Within a matter of days, he developed disabling pain. An MRI revealed a bulging disc which required surgery. Both Drs. Richter and Fleming stated that the disc injury was related to plaintiff's employment.
Defendants next argue that the trial court erred in allowing claimant to avail himself of the presumption of causation in proving a work related injury. In Collins v. Browning-Ferris, Inc., supra, this court summarized causation as follows:
The claimant's disability is presumed to have resulted from an accident, if before the accident he was in good health, but began having symptoms of disabling conditions with the occurrence of the accident, and continuing thereafter. That presumption applies, provided there is sufficient medical evidence to show that there is a reasonable possibility of causal connection between the accident and the disabling condition, or that *623 the nature of the accident, when combined with other facts of the case, raises a natural inference through human experience that such a causal connection exists. Lubom v. L.J. Earnest Inc., supra, 579 So.2d at 1179; Andrews v. Music Mountain Water Co., supra, 637 So.2d at 573.
650 So.2d at page 773.
Once the injured employee carries his initial burden of proving a causal connection, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused by a work related accident. The employer assumes both the burden of producing evidence and the burden of persuasion on the issue. This presumption is not rebutted by the mere introduction of contrary testimony, it requires more. Hurst v. St. Anthony Nursing Home, 94-664 (La. App. 5 Cir. 1/18/95), 650 So.2d 774.
In brief to this court, defendants make the statement that claimant could not avail himself of the presumption of causation because claimant admitted that he had been in a previous car accident in which he injured his back. However, the presumption of causation can apply to a claimant who had exhibited symptoms in the distant past provided that he has suffered no such symptoms immediately prior to the workplace accident. Rideaux v. Franklin Nursing Home, 95-240 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, writ denied, 95-3093 (La.2/16/96), 667 So.2d 1058.
After reviewing the record, we cannot say that the workers' compensation judge was manifestly erroneous in her determination that the plaintiff proved that he suffered a back injury as a result of lifting heavy boxes, and therefore he suffered a work related injury which entitled him to compensation.
Appellant next argues that the workers' compensation judge erred in failing to find that Burrell was not entitled to workers' compensation indemnity benefits. In their brief, defendants argue that plaintiff failed to prove that he was unable to return to work following his release, therefore, he failed to prove that he was entitled to temporary total disability benefits, and that plaintiff failed to prove that he was entitled to supplemental earnings benefits thereafter.
The workers' compensation judge ordered temporary total disability benefits from the cessation of plaintiff's employment until May 26, 1998 and supplemental earnings benefits from May 27, 1999 through trial.
Whether a claimant is entitled to temporary total disability benefits is a question of fact that may not be disturbed on appeal absent manifest error, and should not be reversed on appeal if they are reasonable in view of the record in its entirety. Sears v. Berg, Inc., 99-457 (La. App. 5 Cir. 9/28/99), 742 So.2d 760. Furthermore, a claimant is entitled to supplemental earnings benefits when a work related injury prevents him from earning ninety percent of his pre-injury wage, La. R.S. 23:1221(3); and such a determination depends on the facts and circumstances of each individual case. Kortz v. Colt Energy Services, Inc., 97-159 (La.App. 5 Cir. 7/29/97), 698 So.2d 460.
The deposition of Dr. Ferrer was taken on October 9, 1998, at which time he stated that post surgery recovery would be from 6-12 months, and that he could not guarantee that claimant would be able to return to work with no restrictions. Prior to the surgery, plaintiff was unable to work. Plaintiff underwent surgery in May of 1998, and thus his recovery time could have extended until May of 1999. We find no manifest error in the workers' compensation judge's finding that plaintiff was entitled to temporary total disability.
Plaintiff testified that, since his medical release with restrictions, he has been unable to find a job which would accommodate his back condition, and that he had been supporting himself with welfare, food stamps and handouts. Thus, *624 plaintiff showed that he was unable to earn ninety percent of his pre-injury wages.
Once plaintiff has proven his case, the burden shifts to the employer, who can defeat or reduce benefits only by showing that the employee was earning less than he was "able to earn." Kortz v. Colt Energy Services, Inc., supra; Garner v. Sheats & Frazier, 95-39 (La.App. 3 Cir. 7/5/95), 663 So.2d 57. The employer must prove that the employee is physically able to perform a certain job and that the job was offered to him or was available to him in a reasonable geographic location.
In this case, defendants offered no evidence whatsoever to meet this burden of proof. Accordingly, we cannot say that the workers' compensation judge erred in finding that plaintiff was entitled to supplemental earnings benefits.
However, we find it necessary to remand this matter back to the Office of Workers' Compensation. Once it has been determined that a claimant is entitled to supplemental earnings benefits, the amount of such benefits must be calculated. Garner v. Sheats & Frazier, supra. There was no evidence submitted by the employer from which this court could determine the amount of supplemental earnings benefits to which claimant would be entitled.
Next, appellants allege error in the trial court's failure to grant a medical offset for expenses paid by plaintiff's private health insurer.
La. R.S. 23:1212 allows an employer a credit against medical expenses paid by any person or entity other than the employee or a relative or friend of the employee. To be entitled to a credit under La. R.S. 23:1212, the defendant employer must assert its right to the credit and submit evidence at the trial showing payment of the expenses. Sears v. Berg, Inc., supra; Gentile v. Baton Rouge General Medical, 95-0348 (La.App. 1 Cir. 11/9/95), 665 So.2d 422. In this case, appellant failed to submit such evidence at trial, and therefore the court did not err in failing to give employer a credit.
Finally, defendant challenges the assessment of penalties and attorneys fees.
In Sears v. Berg, Inc., supra at 767, this court cited Nation v. D & J Tire, Inc., 31-345 (La.App. 2 Cir. 12/9/98), 722 So.2d 364, 366:
Awards of attorney fees and penalties are not intended to compensate a workers' compensation claimant and thereby make the claimant whole, but rather are intended to discourage certain behaviors on the part of an offending party, such as an employer's and insurer's indifference toward an injured employee. Sharbono v. Steve Lang and Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. The determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact, and the WCJ's finding should not be disturbed on appeal in the absence of manifest error. Oliveaux v. Riverside Nursing Home, 29,419 (La.App. 2 Cir. 4/2/97), 691 So.2d 340. Citing Nation v. D & J Tire, Inc., 31-345 (La.App. 2 Cir. 12/9/98), 722 So.2d 364, 366.
After a complete review of the record before us, we do not find that the workers' compensation judge erred in her determination that defendant was arbitrary and capricious in its failure to pay.
Claimant has answered the appeal to request additional attorney fees for work done by counsel in the appeal. "An increase in attorney's fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase." Sinegal v. Able Glass Co., Inc., 95-10 (La.App. 3 Cir. 10/11/95), 663 So.2d 393, 396. Accordingly, we award an additional $1,000.00 for the additional work necessitated by this appeal, for a total award of $3,000.00.
*625 For the above discussed reasons, the decision of the workers' compensation judge is affirmed. The award of attorney's fees is amended to increase the award to claimant from $2,000.00 to $3,000.00. In addition, the matter is remanded for a calculation of supplemental earnings benefits.
AFFIRMED AS AMENDED, REMANDED.