933 So.2d 193 (2006)
Mary L. RUSSELL
v.
ORLEANS PARISH SCHOOL BOARD.
No. 2005-CA-1358.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2006.
*195 Gregory J. Hubachek, Workers' Compensation, L.L.C., Metairie, LA, for Plaintiff/Appellee.
Philip A. Costa, Costa Law Firm (APLC), New Orleans, LA, for Defendant/Appellant.
*196 (Court composed of Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., and Judge EDWIN A. LOMBARD).
DENNIS R. BAGNERIS, SR., Judge.
Defendant, the Orleans Parish School Board (OPSB), appeals a decision of the Workers' Compensation Judge (WCJ) in favor of the claimant, Mary L. Russell, for benefits, penalties, and attorney's fees. Ms. Russell answers this appeal seeking additional attorney's fees for appellate representation and seeking multiple penalties. For the following reasons, we amend and, as amended we affirm the WCJ's decision.

FACTS AND PROCEDURAL HISTORY
Ms. Russell was employed by the OPSB as an assistant head custodian at Eleanor McCain Secondary School in New Orleans, Louisiana.[1] On June 23, 2003, Ms. Russell filed a claim with the Office of Workers' Compensation (OWC) for an injury received April 4, 2003. According to Ms. Russell, she fell down some stairs while in the course and scope of her employment with the OPSB.
Trial was held on February 1, 2005. On April 7, 2005, the WCJ signed a judgment in favor of Ms. Russell and awarded her temporary total disability benefits from April 5, 2003, forward at the rate of $216.23 per week, plus medical expenses, and assessed all costs against OPSB. Pursuant to the applicable version of La. R.S. 23:1201 B, the judgment assessed a penalty against OPSB[2], and awarded Ms. Russell $5,000.00 in attorney's fees. Both OPSB and Ms. Russell appeal this final judgment
On appeal, OPSB makes the following assignments of error:
(1) The WCJ committed reversible error in finding that Ms. Russell was injured in an accident in the course and scope of her employment.
(2) The WCJ committed reversible error in assessing penalties and attorneys' fees.
In Ms. Russell's answer, she requests this Court modify the judgment to increase the award to include assessment of multiple penalties pursuant to La. R.S. 23:1201(F), and to include attorney's fees incurred in opposing the appeal.

DISCUSSION

Burden of Proof and Standard of Review
La. R.S. 23:1031(A) provides compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. Daspit v. Southern Eagle Sales & Services, Inc., 98-1685, p. 3 (La.App. 4 Cir. 1/20/99), 726 So.2d 1079, 1081. Claimants in a workers' compensation proceeding have the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850, p. 3 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, 352. The workers' compensation claimant must prove by a preponderance of the evidence that an employment accident had a causal relationship to the disability; if the testimony leaves the probabilities evenly balanced, the claimant has failed to carry the burden of persuasion. Harvey v. Bogalusa Concrete, Inc., 97-2945, p. 3 (La. *197 App. 1 Cir. 9/25/98), 719 So.2d 1130, 1131. Causation is a question of fact. Dean, 720 So.2d at 352. In a workers' compensation case, the appellate court's review of the findings of fact is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).

Claim of Insufficient Evidence
OPSB contends that Ms. Russell failed to show that she sustained an injury on April 4, 2003, while in the course and scope of her employment. OPSB asserts that the only evidence that the accident occurred was Ms. Russell's own testimony. OPSB maintains that the evidence presented at trial, along with Ms. Russell's testimony, proves that she had a fainting spell due to a condition that she long suffered.
To recover workers' compensation benefits, an employee must show that he received a personal injury by an accident arising out of and in the course and scope of his employment, and that his injury necessitated medical treatment or rendered the employee disabled, or both. Haws v. Professional Sewer Rehabilitation, Inc., 98-2846, p. 5 (La.App. 1 Cir. 2/18/00), 763 So.2d 683, 688. A workers' compensation claimant's disability is presumed to have resulted from an accident if before the accident, the claimant was in good health and commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that there is sufficient medical evidence to show that there is a reasonable possibility of a causal connection between the accident and the disabling condition. Woodrum v. Olive Garden Restaurant, 99-130 (La.App. 5 Cir. 5/19/99), 735 So.2d 911, 920.
A claimant's testimony alone may be sufficient to discharge his burden of proof provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Intern. Inc., 593 So.2d 357, 360 (La.1992). In determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant's testimony is accorded great weight. Jackson v. Quikrete Products, Inc., XXXX-XXXX (La.App. 4 Cir. 4/17/02), 816 So.2d 338 citing Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La.App. 1 Cir. 1/6/99), 733 So.2d 11. Further, when the fact finder's decision in the workers' compensation action is based on the conclusion to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. LaPrarie v. Pony Exp. Courier, 628 So.2d 192, 194 (La.App. 2 Cir. 12/1/93).
In this case, Ms. Russell testified that she sustained a head and low back injury as a result of her fall while in the course and scope of her employment. Specifically, she testified as follows:
I went upstairs to answer the ring. Okay, and I had to cut off about four lockers. On my way going downstairs toward the cafeteria I slid down. I lost my balance and slid down. And these steps

*198 * * *
And I fell down the steps hitting my back and my head, and my legs slid and they went around like (sic). They had some students came (sic) and helped me up and they asked me, `Ms. Russell, are you all right?' I said, `Yes, I'm okay.' So they helped me toward the door and I told them I could try and make it the rest of the way. But as I got into the cafeteria I got dizzy and I started losing my balance. The security guards came, two teachers came, that's Coach Hill and Coach ... Joyce Hill is her name, she came and helped me.
The people in the cafeteria brought me some water to put over me because I was so weak. Then the next thing I know is I was telling them, trying to whisper to them because I couldn't talk loud, that I fell down and hit my head and my back. My back is what was worrying me.
So someone called the ambulance and the ambulance brought me to the hospital. I waited and then they treated me at the hospital for seven days. They sent me home after seven days in a wheelchair, because I couldn't walk. I really couldn't walk.
This testimony provided sufficient evidence upon which the trial court could determine that Ms. Russell carried her initial burden of proving a causal connection between the accident and her condition.
Once the injured employee carries her initial burden of proving a causal connection between the accident and her disabling condition, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused by a work related accident. Burrell v. Evans Industries, 99-1194 (La.App. 5 Cir. 4/25/00), 761 So.2d 618, 623. Further, "the employer assumes both the burden of producing evidence and the burden of persuasion on the issue. This presumption is not rebutted by the mere introduction of contrary testimony; it requires more." Id.
At trial, the only evidence OPSB offered to controvert Ms. Russell's claim that an accident with resulting injury occurred was Ms. Donalyn Hassenbohoeler's testimony. Ms. Hassenbohoeler, the principal at Eleanor McCain Secondary School, testified as follows, in pertinent part:
I received a call fromI think it was Hester Varowho called up to the office and said, `Something is wrong with Mary (Ms. Russell) in the cafeteria.'...
* * *
... When I went down, my best recollection is that Mary was being held in one of the little stools by either Mr. Tate or the head custodian ... We tried to talk, `Mary, Mary, what is wrong?' She wasn't very responsive and we picked her up and laid her on the table and called emergency service because she was non responsive to us. She was like, just out of it and not responding to us at all. So we called emergency services...
In this case, there were no witnesses who could testify that Ms. Russell was not in the stairwell nor that Ms. Russell sustained her injuries by any mechanism other than the alleged work accident. As such, we do not find that the WCJ was clearly wrong in finding that Ms. Russell sustained a work related injury.

Penalties and Attorney's Fees
Pursuant to La. R.S. 23:1201 F, the WCJ ordered OPSB to pay penalties in the amount of $2,000.00 for its failure to "reasonably controvert" the claim and timely pay benefits. The WCJ also awarded Ms. Russell attorney's fees in the amount of *199 $5,000.00. OPSB alleges the WCJ erred in awarding penalties and attorney's fees.
La. R.S. 23:1201 F provides for the imposition of penalties and attorneys fees when indemnity or medical benefits due to the claimant are not paid timely. However, this does not apply if the claim is reasonably controverted, or if such nonpayment results from conditions over which the employer had no control. La. R.S. 23:1201 F(2).
The term "reasonably controverted" was discussed in Brown v. Texas La Cartage, Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 885, 890, by the Louisiana Supreme Court:
The phrase "reasonably controverted," mandates a different standard. In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
The WCJ's decision to award penalties and attorney's fees is factual in nature and will not be reversed on appeal absent manifest error. Id. Awards of penalties and attorney's fees in workers' compensation cases are penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. See, Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Williams v. Rush Masonry, Inc., 98-2271, p. 8 (La.6/29/99), 737 So.2d 41, 46. The fact that an employer may be subjectively motivated to avoid paying compensation is not determinative. Neither is the fact that an employer loses a disputed claim. Sharbono, 97-0110 at p. 11, 696 So.2d at 1389. Further, penalties and fees are never assessed automatically against the losing party. Williams, 98-2271 at p. 9, 737 So.2d at 46.
In this case, the OPSB received written notice on June 24, 2003, of this claim for workers' compensation benefits together with medical records substantiating Ms. Russell's contention that she was involved in a work-related accident and sustained work-related injuries. However, it is evident from a review of the record that the OPSB simply failed to investigate the claim. Accordingly, we find no error in the WCJ's award of statutory penalties and attorney's fees under La.R.S. 23:1201 F.

Additional Penalties and Attorney's Fees
Ms. Russell asks this Court for an increase in attorney's fees for the additional work required by this appeal, and for additional penalties. Specifically, Ms. Russell argues that she is entitled to an additional penalty for the failure of the OPSB to comply with the Order of the WCJ commanding an initial consultation with psychiatrist Dr. Susan K. Glade. We agree.
As the Louisiana Supreme Court stated in Authement v. Shappert Engineering, *200 XXXX-XXXX, pg. 8 (La.2/25/2003) 840 So.2d 1181, 1186-7
One purpose of the workers' compensation statute is to promptly provide compensation and medical benefits to an employee who suffers injury within the course and scope of employment. The employer is obligated to "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." LSA-R.S. 23:1203(A). Thus, we conclude that a failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. Depending on the circumstances, a failure to authorize treatment is effectively a failure to furnish treatment.
In this case, the WCJ ordered on December 1, 2003, "that the injured employee is entitled to an initial evaluation with her choice of physician in the fields of orthopedic surgery and psychiatry." Despite this order, the OPSB has refused to authorize the initial consultation with Dr. Glade. Accordingly, we hereby assess a second penalty of $2,000.00, in accordance with La. R.S. 23:1201(F), for OPSB's failure to authorize an initial consultation with Dr. Glade.
Finally, Ms. Russell requests in her answer that she be awarded attorney fees for the defense of this appeal. When the defendant in a workers' compensation case appeals and obtains no relief, and when the appeal has necessitated additional work on the part of plaintiff's counsel, the appellate court usually awards an increase in attorney fees, provided that the plaintiff has requested the increase in accordance with proper appellate procedure. Parker v. ADM Milling Co., 01-649 (La. App. 5 Cir. 11/27/01), 804 So.2d 120. We find that an additional award of attorney fees in the amount of $1,500.00 is warranted in the present case.
For the above reasons, the judgment of the workers' compensation court is amended to award an additional penalty award, for a final award of $4,000.00 in penalties, and to award additional attorney fees for this appeal. In all other respects, the decision of the workers' compensation court is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Prior to the work accident, Ms. Russell was employed by the OPSB for twenty-three (23) years.
[2] The penalty assessed was in the amount of twelve percent (12%) of the unpaid compensation or a total of not more than fifty dollars per calendar day, whichever is greater, but with the $50.00 per day penalty not to exceed an aggregate of two thousand dollars ($2000.00).