# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-751


**LARRY DUPUY**

**VERSUS**

**BILLY L. WILEY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6909-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**REVERSED IN PART;
AFFIRMED AS AMENDED IN PART.**

**John T. Bennett**
**Attorney at Law**
**Post Office Box 275**
**Marksville, LA 71351**
**(318) 253-4631**
**Counsel for Plaintiff/Appellee:**
     **Larry Dupuy**

**James B. Reichman**
**Reichman Law Firm**
**P. O. Box 210**
**Alexandria, LA 71309-0210**
**(318) 442-3251**
**Counsel for Defendant/Appellant:**
     **State Farm Automobile Insurance Company**

**DECUIR, Judge.**

Uninsured motorist coverage carrier appeals a judgment of the trial court awarding penalties and attorney fees for arbitrary and capricious handling of the plaintiff's claim.

## FACTS

On April 1, 2004, Larry Dupuy was rear-ended by Billy Wiley. Dupuy, who is confined to a wheelchair due to childhood muscular dystrophy and a prior hip removal, was injured in the accident. Specifically, his hip bounced up into the steering wheel, and he severely bruised his right calf. His passengers were also injured. Wiley's liability coverage limits were exceeded, and Dupuy proceeded against his UM insurer, State Farm Automobile Insurance Company.

Dupuy received medical treatment from Dr. Bryan McCann on twelve separate occasions during the first four months after the accident. During that period, he complained of back and hip pain and continued to have the bruised calf, which hardened into scar tissue.

There followed a gap in Dupuy's treatment of nine months. In May 2005, Dupuy returned for treatment and continued until September 2005. Dupuy's insurer, State Farm Automobile Insurance Company, paid $4,318.15 under the medical payments portion of its policy and unconditionally tendered $3,600.00 under its UM coverage. After a bench trial, the court awarded Dupuy general damages of $42,500.00, penalties of $5,000.00 and attorney fees of $5,000.00. State Farm lodged this appeal seeking reversal of the penalties and attorney fees. Dupuy answered seeking a correction in the calculation of the judgment amount and an increase in penalties and attorney fees.

## DISCUSSION

State Farm first alleges that the trial court erred in awarding penalties and attorney fees where entitlement to them was not specifically pled. The only reference to penalties and attorney fees in the petition is the following reference in plaintiff's prayer: "Plaintiff further prays for any other sums and accounts found to be due him from the defendants, including medical payments, penalties, interest and attorney fees."

The crux of State Farm's argument is that penalties and attorney fees are special damages and, therefore, must be specifically pled. This would appear to be the traditional view, but the waters have been muddied of late. In *Boone v. Mid-State Marketing*, 03-1032, pp. 6-7 (La.App. 3 Cir. 3/3/04), 867 So.2d 91, 97, *writ denied*, 04-878 (La. 6/25/04), 876 So.2d 833, a divided panel of this court said:

> Louisiana Code of Civil Procedure Article 861 states that, "[w]hen items of special damage are claimed, they shall be specifically alleged." Although some cases have ruled that, pursuant to La.Code. Civ.P. art. 861, attorney fees and penalties are items of special damages and thus must be specifically alleged, we decline to follow this line of cases. See *Smith v. Howell Indus., Inc.*, 579 So.2d 1236 (La.App. 3 Cir. 1991)*; Mix v. Mougeot*, 446 So.2d 1352 (La.App. 1 Cir.1984). Damages are provided to make the victim whole. On the other hand, penalties and attorney fees are punitive in a nature and are not provided to make the victim whole. Rather, the primary purpose is to deter the irresponsible handling of workers' compensation claims. See *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41; *Nation v. D & J Tire, Inc.*, 31,345 (La.App. 2 Cir. 12/9/98), 722 So.2d 364; *Jeansonne v. American Native Const.*, 97-1228 (La.App. 3 Cir. 3/6/98), 710 So.2d 306; *Sharp v. Daigre*, 545 So.2d 1063 (La.App. 1 Cir.), *writ granted*, 550 So.2d 640 (La.1989) [555 So.2d 1361 (La.1990)]. Special damages usually include items such as medical costs, loss wages and loss of earning capacity. See *Dorvilier v. Gagliano*, 02-2765 (La.App. 4 Cir. 8/27/03), 855 So.2d 393; *Gagnard v. Baldridge*, 612 So.2d 732 (La.1993). Because penalties and attorney fees are punitive in nature, they are not special damages.

The dissenting judge opined:

> Although penalties and attorney's fees are punitive in nature, I conclude that they are "items of special damages" within the meaning of La.Code

2

Civ.P. art. 861. *See Box v. City of Baton Rouge,* 02-0198 (La.App. 1 Cir. 1/15/03), 846 So.2d 13; *Coscino v. Louisiana State Boxing and Wrestling Com'n*, 97-2733 (La.App. 4 Cir. 9/9/98), 718 So.2d 1016; *Dennis v. Allstate Ins. Co.*, 94-305 (La.App. 5 Cir. 10/25/94), 645 So.2d 763; *Smith v. Howell Industries, Inc.*, 579 So.2d 1236 (La.App. 3 Cir.1991); *Mix v. Mougeot*, 446 So.2d 1352 (La.App. 1 Cir.1984).

*Id.* at 101.

While we are inclined to adopt the position espoused by the dissenting judge, doing so would not resolve the issue completely. The question still remains whether the request for penalties and attorney fees in this case is sufficient given that the same panel of this court said the following regarding penalties and attorney fees:

> Moreover, La.Code Civ.P. art. 862 provides: "a final judgement shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."

*Id.* at 97.

Again, we are inclined to disagree with the majority of that panel, but decline to do so because we believe State Farm's second argument has greater merit.

In its second argument, State Farm contends that, even if the plaintiff's pleadings are found to be adequate, the evidence fails to establish that it was arbitrary and capricious in its handling of this claim. We agree.

While we are mindful of the weight to be afforded to the trial court on factual determinations such as these, we find no evidence to support the trial court's conclusion that State Farm acted arbitrarily and capriciously in this case. State Farm paid Dupuy's medicals and tendered $3,600.00 in general damages despite the fact that the only objective injury was a bruise on his calf. Moreover, given that Dupuy did not seek medical treatment for nine months or refill his pain prescriptions, State Farm had cause to doubt the legitimacy of his claims of continual pain. The fact that the trial court ultimately determined that Dupuy was not a malingerer does not render

3

State Farm's actions arbitrary and capricious or deprive it of its right to have its obligations determined by the court. Accordingly, we find the trial court erred in awarding penalties and attorney fees in this case.

Dupuy answered the appeal seeking additional penalties and attorney fees and alleging that the judgment against State Farm contains a calculation error and should be in the amount of $19,900.00 rather than $19,100.00. The request for additional penalties and attorney fees is denied. However, there does appear to be a calculation error given that State Farm's policy limits are $25,000.00 and $1,500.00 was paid to one of Dupuy's passengers and $3,600.00 was tendered to Dupuy. Accordingly, the trial court judgment should read $19,900.00 rather than $19,100.00.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed in part and affirmed as amended in part. All costs of these proceedings are taxed to appellee, Larry Dupuy.

**REVERSED IN PART; AFFIRMED AS AMENDED IN PART.**