579 So.2d 1236 (1991)
Raymond SMITH, Sr., Plaintiff-Appellant,
v.
HOWELL INDUSTRIES, INC., Defendant-Appellee.
No. 89-1260.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
*1237 Poteet & Landry, Walter J. Landry, Lafayette, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Jeanne M. Sievert, Lake Charles, for defendant-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns the granting of peremptory exceptions of res judicata and prescription, dismissing plaintiff's lawsuit against his employer, which claimed underpaid wages because of age and race discrimination.
Plaintiff, Raymond Smith, Sr., appeals the dismissal and contends the trial court erred in granting the peremptory exceptions of res judicata and prescription.
Howell answered the appeal asking for attorney's fees and damages against plaintiff for bringing a frivolous claim.

PROCEDURAL HISTORY
On November 16, 1987, Raymond Smith, Sr., filed a complaint in federal district court against his former employer, Howell Industries, Inc. (Howell). In that suit, Smith alleged that during his employment, Howell engaged in unlawful employment practices by arbitrarily reducing his rate of pay, and ultimately, by discharging him based on his race and age, violations of 29 U.S.C. § 623, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Smith later amended his original complaint seeking worker's compensation benefits not paid as a result of the alleged illegal pay reduction. Subsequently, on March 22, 1989, Howell's motion for summary judgment was granted and the federal suit was dismissed with prejudice. Smith did not seek an appeal in federal court.
On November 17, 1988, (a year after the federal claim was filed) Smith filed suit in State district court in Calcasieu Parish against Howell. In this suit, which is the *1238 suit at issue, Smith alleged that he was improperly terminated from his employment on May 21, 1987. Smith also alleged that Howell arbitrarily reduced his rate of pay between August 1985 thru December 1986 from $13 per hour to $9 per hour on the basis of his race and age. Howell filed peremptory exceptions of res judicata and prescription on August 17, 1989. Howell contended that the doctrine of res judicata applied since Smith's earlier federal suit involved the same allegations and was dismissed with prejudice on a motion for summary judgment. Howell also argued that Smith's claim had prescribed since he failed to file suit within one year of the alleged discriminatory acts. LSA-R.S. 23:1006; LSA-C.C. Art. 3492.
In its oral reasons for judgment rendered on October 6, 1989, the trial court granted the peremptory exceptions of res judicata and prescription. The court reasoned that the State suit involved the same cause of action, i.e., the wrongful reduction of wages and improper termination on the basis of race and age, as the federal suit and also, that the claim for the reduction of wages had prescribed anyway since Smith had not filed suit within one year after the cause of action arose.

RES JUDICATA
LSA-C.C. Art. 3556(31) provides:
"Thing Adjudged.Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."
Former LSA-R.S. 13:4231 provides:
"The authority of the thing adjudged takes place with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." (Emphasis added.)
The term "cause" refers to "the juridical or material fact which is the basis of the right claimed, or the defense pleaded." 2M. Planiol, Treatise on the Civil Law 38 (L.S.L.I. trans. 1959). Simply stated, it is the legal obligation upon which the action is founded. Sliman v. McBee, 311 So.2d 248 (La.1975).
A federal court summary judgment based on lack of proof rather than lack of jurisdiction is a final judgment for purposes of a subsequent state court plea of res judicata. Fust v. Fontenelle, 558 So.2d 715 (La.App. 4th Cir.1990); Sibley v. Natchitoches Parish Police Jury, 509 So.2d 637 (La.App. 3rd Cir.1987), writ denied, 512 So.2d 1182 (La.1987).
In the case sub judice, a review of the petitions filed in state and federal court shows that the two suits involve the same parties, demand the same thing, and involve the same cause of action.
In the federal suit, Smith seeks damages for Howell's intentional "unlawful employment practice in that it discharged plaintiff from his position based on his age and/or race and ... had earlier arbitrarily reduced plaintiff's wages because of his age and/or race."
Similarly, in the state suit, Smith alleges that Howell reduced his rate of pay "which action was arbitrary, capricious and unreasonable since it was on the basis of race and age ... in violation of plaintiff's constitutional rights" and was later terminated from his employment.
Both the federal and state causes of action are based upon Howell's legal obligation to not discriminate on the basis of age and race against its employees. The factual basis for both suits concern the same set of events, the reduction of wages in 1985, and termination from employment in 1987. Moreover, both suits involve antidiscrimination statutes which are similar in scope. 42 U.S.C. § 2000e; LSA-R.S. 23:1006. Simply put, Smith seeks a proverbial "second bite of the apple" in state *1239 court since his earlier claim of age and race discrimination in federal court was dismissed with prejudice.[1]
Since we have concluded that the trial court properly granted the exception of res judicata, we need not address Smith's second assignment of error.

ATTORNEY'S FEES UNDER LSA-R.S. 23:1006
Answering the appeal, Howell contends the trial court erred in not awarding attorney's fees and damages.
In employment discrimination suits, LSA-R.S. 23:1006 allows an award of reasonable attorney's fees, reasonable damages, and court costs against a party who pursues a frivolous employment discrimination suit.
However, special damages such as attorney's fees and penalties must be specifically alleged in the pleadings at the trial court level. LSA-C.C.P. Art. 861; Usher v. Gongre, 526 So.2d 1307 (La.App. 3rd Cir. 1988). An exception to this rule is where inadmissable evidence of special damages is admitted without objection and the pleadings are enlarged to that extent. LSA-C. C.P. Art. 1154; Land and Offshore Co. v. Martin, 469 So.2d 1177 (La.App. 3rd Cir. 1985).
In the case sub judice, the record is void of any request by Howell at the trial level for special damages provided for in LSA-R.S. 23:1006. The pleadings filed by Howell seek the dismissal of Smith's claim and request only general and equitable relief. Moreover, in reviewing the record more closely, we find no evidence of special damages which enlarged the scope of the pleadings. Since Howell failed to request these special damages at the trial level, we cannot make this award.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Raymond Smith, Sr.
AFFIRMED.
NOTES
[1] In reviewing the record, we note that the federal district court opined that it had no independent basis for jurisdiction over the pendant worker's compensation claim governed by state law. We have carefully examined Smith's state court petition and find no claim for worker's compensation benefits not paid as a result of the alleged illegal wage reduction.