645 So.2d 763 (1994)
Nellie DENNIS
v.
ALLSTATE INSURANCE COMPANY.
No. 94-CA-305.
Court of Appeal of Louisiana, Fifth Circuit.
October 25, 1994.
*764 Morris H. Hyman, New Orleans, for plaintiff/appellee.
Jeffery P. Lozes, New Orleans, for defendant/appellant.
Before GRISBAUM, WICKER and GOTHARD, JJ.
WICKER, Judge.
Plaintiff, Nellie Dennis, sued her uninsured motorist insurer, Allstate Insurance Company, for damages incurred in an intersectional automobile collision with a car driven by Patrick Butler, a minor uninsured driver. Allstate filed a third-party demand (erroneously denominated a cross-claim) against Mattie Tate, individually and as Butler's mother, and Belinda Butler, the owner of the uninsured automobile. Allstate's third-party demand was severed from the main demand on the day of trial and only plaintiff's claim against Allstate was tried. After a nonjury trial, the district court awarded judgment in favor of plaintiff and against defendant in the total amount of $8,628, plus legal interest from date of judicial demand and costs. Included in the award was $3,000 for penalties and attorney's fees.
Allstate has appealed, asserting the trial court erred in finding Patrick Butler at fault, in finding plaintiff free of fault, and in awarding penalties and attorney's fees when plaintiff had failed to pray for same and when there was no evidence presented as to whether Allstate had been arbitrary, capricious or without probable cause in failing to settle the claim.

EVIDENCE
The only testimony was from the plaintiff. She stated the accident occurred around five p.m. on August 16, 1991 at the intersection of Glen Della Drive and Cathedral Drive (in Avondale, Jefferson Parish). She was driving a van and had turned off Highway 90 onto Glen Della. Glen Della is a divided street that changes to an undivided street at its intersection with Cathedral. When she got to the intersection of Glen Della and Cathedral, she began making a left turn. As she completed the left turn, her vehicle was hit on the passenger side in the center and rear.
After her van was struck, it skidded into a vacant lot. The other car, which had come towards her from the undivided portion of Glen Della, made a right turn around her onto Cathedral and fled the scene of the accident. She stated she had been driving about 20 miles an hour; she estimated the other car's speed as "rather fast." She was using her turn signal and had completed the turn when the other car hit.
The photographs show there was no stop sign for traffic on Glen Della, on either the divided or the undivided portions of the street. Plaintiff testified that at the time she made her turn she did not see any moving vehicle. After the accident some of her neighbors followed the other car and discovered where the driver lived.
The uninsured driver, Patrick Butler, was subpoenaed but did not appear. Although the court issued an attachment, Butler was not located during the trial and so his testimony was unavailable. Plaintiff introduced affidavits from the state motor vehicle department and from Belinda Butler stating there was no insurance on either Patrick Butler or the vehicle. The parties jointly introduced a copy of the Allstate policy as well as photographs of plaintiff's vehicle and of the accident site.
*765 In lieu of the investigating officer's testimony, Allstate introduced a copy of the police report, and also introduced a photograph of the uninsured vehicle.
The parties stipulated to the amount of plaintiff's medical bills and that her physician's testimony would be the same as his medical report. According to the stipulated medical report, plaintiff suffered a cervical strain, a strain to the left trapezius muscle, a lumbar strain, and a strain to the right knee and foot.
The trial judge found that plaintiff was free of negligence and awarded her $4,500 for general damages, $1,128 for special damages, and $3,000 for penalties and attorney's fees, together with costs and legal interest.

LIABILITY OF UNINSURED DRIVER
We find no manifest error in the trial court's ruling on liability.
La.R.S. 32:104(A) requires the left-turning motorist to refrain from executing a left-hand turn until such can be accomplished with reasonable safety. La.R.S. 32:122 imposes a duty on drivers within an intersection intending to make a left turn to yield the right-of-way to "vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard." The law establishes a presumption of fault against a left-turning motorist who executed a left-hand turn and crossed the center line at the time of impact. Miller v. Leonard, 588 So.2d 79, 81 (La.1991).
The only testimony was by the plaintiff, who stated that she saw no moving vehicle prior to making her turn, that she used her turn signal and had completed her turn when the other car collided with her, that the other car was moving rather fast when it hit her, and that after the impactwhich knocked her van into a vacant lot at the cornerthe other car turned from Glen Della onto Cathedral in the direction she had planned to go. This supports a scenario in which the Butler car either pulled out of a parking space or came down Glen Della too fast for plaintiff to have seen it prior to beginning her turn and, in beginning his own turn, Butler struck plaintiff's van as she was heading down Cathedral.
Via cross-examination the defense attempted to impeach plaintiff and to establish that she should have seen the other vehicle before she made her turn. The defense also relies upon the police report, which shows the point of impact as being in the adverse driver's lane of travel on Glen Della, in contrast to plaintiff's testimony that the collision was more on Cathedral because she had completed her turn and the other driver continued going down Cathedral after he hit her. However, the police officer's report as to the point of impact was not based on his own observation; it was an approximation because the officer saw the scene only after the accident occurred.
We have no statement or testimony from Butler. When a defendant in a civil case can by his own testimony throw light upon matters at issue which are necessary to his defense and peculiarly within his own knowledge, and he fails to go upon the witness stand, the presumption is raised, and will be given effect, that the facts as he would have then do not exist. Ruthardt v. Tennant, 215 So.2d 805, 810 (La.1968). There is no evidence from Patrick Butler to explain his conduct or otherwise contradict plaintiff's version of events; thus, it must be presumed that plaintiff's version is correct.
There is nothing to contradict plaintiff's version of events, which the trial judge believed. On the evidence before us, we conclude the district court's finding was reasonable and was not clearly wrong; therefore, the liability finding must be affirmed. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).

PENALTIES AND ATTORNEY'S FEES
La.R.S. 22:658(A)(1) provides that all insurers shall pay the amount of any claim due any insured within 30 days after receipt of satisfactory proofs of loss. The insurer's failure make such payment within 30 days, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent *766 damages on the amount found to be due from the insurer to the insured, or $1,000, whichever is greater, together with reasonable attorney's fees. R.S. 22:658(B)(1).
The trial judge gave the following oral reasons for imposing the statutory penalties:
"Well, I find that's she's an uninsured motorist and you all have a duty to settle with her in circumstances like this. And I find that you all were arbitrary and capricious in not doing so.
* * * * * *
[T]hey made a claim for general and equitable relief. I consider when they pray for that, that's within thethe general and equitable relief falls within that. And also for damages, for such damages which are just and reasonable.
This lady has a contract with your company, Allstate. She pays premiums; she's got a contract. And I find that Allstate is unreasonable in settling with the insured. Accordingly, the Court is going to assess you all with the attorney fees in the cost of three thousand dollars, plus penalties and interest."
Allstate argues, first, that plaintiff cannot recover penalties and attorney's fees because her petition did not allege that Allstate was at fault, nor that Allstate had been arbitrary or capricious in failing to settle the case. Second, Allstate contends that plaintiff presented no proof or evidence as to whether Allstate's actions were arbitrary, capricious or without probable cause.
When items of special damage are claimed, the litigant must specifically allege that claim in the petition. La.Code Civ.P. art. 861; Arnone v. Anzalone, 481 So.2d 1047, 1050 (La.App. 1st Cir.1985). Statutory penalties and attorney's fees are items of special damage which must be specifically alleged. Id.; Mix v. Mougeot, 446 So.2d 1352, 1356 (La. App. 1st Cir.1984). Accordingly, the trial judge erred in awarding penalties and attorney's fees here because the plaintiff made no specific claim for them. That portion of the judgment is reversed. Having so concluded, it is unnecessary for us to address the issue of proof.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it found liability against the defendant, Allstate, and awarded the plaintiff damages in the amounts of $4,500 in general damages, $1,128 in special damages, and costs and legal interest. That portion of the judgment which awarded the plaintiff $3,000 in penalties and attorney's fees is reversed. Costs of this appeal are assessed against Allstate.
AFFIRMED IN PART AND REVERSED IN PART.