784 So.2d 701 (2001)
In re SUCCESSION OF James Melvin POLAND.
No. 34,291-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
Paul H. Kidd, Monroe, Counsel for Appellants, Frances Creech Poland, Melba Leonia Poland Reemes, Melvin Lamar Poland.
Stephen J. Katz, Bastrop, Counsel for Appellee, Jackie Lorenz Poland.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
*702 WILLIAMS, Judge.
Plaintiffs, Melba Reemes and Melvin Poland, filed a "Petition to Annul Probated Testament" in an attempt to have the succession of the decedent, James Melvin Poland, reopened. Plaintiff, Frances Creech Poland, filed a "Motion for Mandatory Injunction" seeking to compel the defendant, Jackie Lorenz Poland, to honor a commitment he allegedly accepted, unconditionally, in the last will and testament of James Melvin Poland. The trial court found that Melba Reemes and Melvin Poland had no cause of action and dismissed their claim with prejudice. The trial court also dismissed the "Motion for Mandatory Injunction" filed by Frances Poland. Melba Reemes and Melvin Poland unsuccessfully filed a motion for a new trial. The plaintiffs appeal. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On August 24, 1995, the decedent, James Melvin Poland, died testate. He was survived by his spouse, Frances Creech Poland and his three children, Melvin Lamar Poland, Jackie Lorenz Poland and Melba L. Poland Reemes. The decedent's heirs included his surviving spouse, his children and his grandson, Bobby Glen Poland. The decedent's will was probated on January 11, 1996. Thereafter, on October 3, 1996, the decedent's heirs filed a "Petition for Possession" requesting to be sent into possession of their respective legacies without further administration. Each of the legatees of the decedent's will signed a "verification" to the petition indicating that he or she had "read the above and foregoing petition and all of the allegations contained therein are true and correct to the best of his/her information, knowledge and belief." A judgment of possession was rendered on the same day, sending the legatees into possession of their respective legacies.
On December 7, 1999, plaintiffs, Melba Reemes and Melvin Lamar Poland filed a "Petition to Annul Probated Testament," naming Jackie Poland as defendant. Melba Reemes also filed a "Petition for Appointment as Administratrix" seeking to have an administration of this succession and requesting that she be appointed administratrix. In their petition to annul the testament, Melba and Melvin allege that the donations the decedent made to the defendant were induced by the defendant's undue influence and false promises. According to the plaintiffs, the defendant led the decedent to believe that if the decedent donated his undivided one-half interest in certain properties to the defendant, the defendant would "take care of the decedent's wife, Frances Poland, and he would administer the properties donated inter vivos and mortis causa to the defendant as if the defendant was administering the properties as decedent would have done, and treat Frances Poland and the siblings of the defendant equally and without selfish motive." According to the plaintiffs, after the decedent's death, the defendant "began acting as if the property was his and he ignored the promise he had made to decedent."
In response, Jackie Poland filed the following exceptions to the petition to annul: (1) unauthorized use of summary proceedings and lack of citation; (2) improper cumulation of actions; (3) prescription; (4) judicial confession and res judicata; and (5) no cause of action/no right of action for collation or to set aside alleged donations. The trial court sustained the defendant's exceptions of judicial confession, res judicata and no cause of action. It dismissed the plaintiffs' claim with prejudice. The trial court also dismissed Melba Reemes' petition for appointment as administratrix *703 with prejudice. Based on these rulings, the trial court pretermitted a ruling on the defendant's remaining exceptions.
On March 21, 2000, the plaintiffs, Melba Reemes and Melvin Poland, filed a motion for new trial. On March 24, 2000, the plaintiff, Frances Poland, filed a "Motion for Mandatory Injunction," requesting that the trial court compel the defendant "to honor a commitment he accepted unconditionally in the last will and testament of James Melvin Poland when he petitioned the court to be sent into possession of the property left to him...." The defendant also filed exceptions to the motion for mandatory injunction. The trial court denied the plaintiffs' motion for new trial and dismissed the motion for mandatory injunction. Frances Poland appeals the dismissal of the motion for mandatory injunction. Melba Reemes and Melvin Poland appeal the dismissal of the petition to annul probated testament and the denial of their motion for new trial.

DISCUSSION
The plaintiffs contend the trial court erred in sustaining the defendant's exceptions of judicial confession, res judicata and no cause of action. They also challenge as error the trial court's refusal to allow an amendment of their petition and its denial of their motion for new trial. Plaintiff Frances Creech Poland further contends the trial court erred in denying her motion for mandatory injunction.
In a well-reasoned and well-written opinion, the trial court found that plaintiffs, as joint petitioners in the "Petition for Possession" and by virtue of their verification of the petition, had accepted their father's succession unconditionally. It also found that the plaintiffs' actions had the effect of a renunciation of all of their rights in conflict with the judgment of possession and they are estopped and precluded by their judicial confessions under LSA-C.C. art. 1853 from attempting to annul the decedent's last will or from attempting to amend or annul the "Judgment of Possession" under the pretense of having made an error of fact. The court found that the reasons stated in the plaintiff's petition to annul did not rise to the level of "any other proper cause" necessary to reopen the succession under LSA-C.C.P. art. 3393(B). The court also found that since the plaintiffs accepted their father's succession unconditionally, their right to revoke the donations inter vivos and to seek collation from the defendant or assert forced heirship rights has been lost. The court further found that the petition did not state a cause of action to annul the testament. Finally, the trial court concluded that plaintiffs could not cure the defects in their petition by filing an amendment. The trial court then dismissed the petition to annul, denied plaintiffs' request for leave to amend the petition and dismissed the petition of plaintiff, Melba Poland Reemes, to be appointed administratrix of the succession.
The plaintiffs argue in brief that consent judgments may be annulled for error of fact, or the principal cause of the agreement. They allege that the principal cause of the agreement in question was the defendant's promise to administer the property in the manner alleged by the petitioners. The plaintiffs claim that the defendant failed to administer the property as promised and, consequently, the plaintiffs are not bound by any judicial confession or by res judicata.
LSA-C.C. art. 1853 defines a judicial confession as:
[A] declaration made by a party in a judicial proceeding.
That confession constitutes full proof against the party who made it.

*704 A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary. Such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue. Scoggins v. Fredrick, 98-1814 (La.App. 1st Cir.9/24/99), 744 So.2d 676; First Homestead Federal Savings and Loan Association v. Coleman, 446 So.2d 551 (La.App. 3rd Cir.1984).
LSA-C.C.P. art. 3393(B), which governs the reopening of successions, provides in pertinent part:
After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court.
Since the instant case does not involve the discovery of property omitted from the original proceedings, then the question before this court is whether the trial court erred in finding that no proper cause existed to allow the reopening of the succession.
Our courts have found "any other proper cause" under LSA-C.C.P. art. 3393 to exist under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession. Succession of McLendon, 383 So.2d 55 (La.App. 2nd Cir.1980). In Estate of Sylvester, 93-731 (La.App. 3rd Cir.2/2/94), 631 So.2d 614, the trial court amended a judgment of possession because it evidenced an unequal distribution of estate assets that was not in accordance with the intent of the parties. On appeal, the court applied the jurisprudence interpreting LSA-C.C.P. art. 3393 and noted that judgments of possession are rarely amended for grounds other than the discovery of additional property or new wills.
In the instant case, after unconditionally accepting the decedent's succession, the plaintiffs filed a petition to annul the testament, alleging an error of fact, fraud and breach of an alleged oral agreement between the decedent and the defendant. The plaintiffs argue that undue influence and fraud constitute "any other proper cause" under LSA-C.C.P. art. 3393(B).
LSA-C.C. art. 1478 provides that a donation inter vivos or mortis causa shall be declared null upon proof that it is the product of fraud or duress. A donation inter vivos or mortis causa shall be declared null upon proof that it is the product of influence by the donee or another person that so impaired the volition of the donor as to substitute the volition of the donee or other person for the volition of the donor. LSA-C.C. art. 1479. A person who challenges a donation because of fraud, duress, or undue influence, must prove the allegation by clear and convincing evidence. LSA-C.C. art. 1483. To prove a matter by "clear and convincing" evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable that its nonexistence. Succession of Bilyeu, 28,701 (La.App. 2nd Cir.9/25/96), 681 So.2d 56, writ denied, 96-2868 (La.1/24/97), 686 So.2d 862.
When a testament is free from ambiguity, it must be carried out according to its written terms, without reference to any *705 information outside of the will. Succession of Tyson, 30,703 (La.App. 2nd Cir.6/26/98), 716 So.2d 148. The decedent's will contained the following provisions in pertinent part:
A. To my son, Jackie Lorenz Poland, I have already sold and transferred my undivided one-half (½) interest in and to the following described property, to wit: That portion of ground ... situated in the Parish of West Carroll, State of Louisiana, particularly described as follows: The S ½ of the NE ¼ of the NW ¼ ...; the SE ¼ of the NW ¼; the NE ¼ of the SW ¼; and the NW ¼ of SE ¼; and W ½ of SW ¼, all in Section 2, T22N, R10E, subject to the usufruct of my wife, ..., But I leave and bequeath to him all the land I own in Section 2, T22N, R10E, West Carroll Parish, Louisiana, at the time of my death.
B. Also to my son, Jackie Lorenz Poland, I leave, bequeath and devise all of my right, title and interest in and to the following described property, to wit: That portion of ground ... situated in the Parish of Morehouse, State of Louisiana, particularly described as follows: The SE ¼ of Section 29 ...; the NE ¼ and the S ½ of Section 32; the E ½ of the SE ¼; the NE ¼ of the SW ¼ and the W ½ of the SW ¼ of Section 33, all in T21N, R8E.... Section 5, Township 20 North, Range 8 East, Morehouse Parish, Louisiana.
The plaintiffs argue that the decedent's donations to the defendant were induced by the defendant's undue influence and false promises and that these actions by the defendant are sufficient to constitute "any other proper cause." The petition to annul shows that plaintiffs must have been aware of the defendant's alleged undue influence and oral promises at the time the will was probated. Nevertheless, the plaintiffs later signed verifications of the petition for possession, by which they consented to the judgment of possession in accordance with the decedent's will, which did not contain a condition that defendant would administer the property on behalf of another. As to the defendant's alleged breach of an oral promise, the plaintiffs' petition to annul sets forth the decedent's testamentary bequests, which unambiguously convey specific property to defendant. Thus, any oral promise to decedent may not be considered in carrying out the written terms of the testament.
We find no error in the trial court's conclusion that the "Petition to Annul Probated Testament" does not allege facts that would constitute "any other proper cause" under our jurisprudence, and allowing plaintiffs to amend their pleading under LSA-C.C.P. art. 934 would be futile. Furthermore, the trial court correctly sustained the exception of no cause of action because there are no ambiguities in the decedent's will, and there is no indication that the decedent intended to create a trust agreement or improperly impose any condition of trust upon the defendant. Accordingly, we find that the trial court did not err in sustaining the defendant's exceptions of judicial confession, res judicata and no cause of action. We also find that the trial court was correct in refusing to allow the plaintiffs to submit an amended and supplemental petition, and in denying the motions for new trial and for mandatory injunction.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiffs, Frances Creech Poland, Melba Poland Reemes and Melvin Lamar Poland.
AFFIRMED.