853 So.2d 741 (2003)
Jo Ann CANIZARO
v.
TANGIPAHOA PARISH SCHOOL SYSTEM.
No. 2002 CA 1913.
Court of Appeal of Louisiana, First Circuit.
August 20, 2003.
Rehearing Denied September 17, 2003.
*742 Ralph Brewer, Baton Rouge, for Plaintiff/Appellant, Jo Ann Canizaro.
deShea S. Richardson, Hammond, for Defendant/Appellee, Tangipahoa Parish School System.
Before: CARTER, C.J., WHIPPLE, and CIACCIO,[1] JJ.
CIACCIO, J.
Jo Ann Canizaro appeals a judgment of the Office of Workers' Compensation dismissing without prejudice her claims for penalties, attorney fees, and workers' compensation benefits.

FACTS AND PROCEDURAL HISTORY
In April 2000, Canizaro was employed as a custodial worker with the Tangipahoa Parish School System (the School System). On April 21, 2000, while working at Loranger Elementary School, a classroom door hit Canizaro's right elbow causing injury to her right arm. Canizaro alleges that a neck injury, causally related to the accident, subsequently manifested itself.
Within days of the accident, Canizaro sought medical treatment for right arm pain from Dr. Roch Hontas. At trial, Canizaro testified that Dr. Hontas diagnosed *743 her with bruised ligaments, gave her a brace to wear on her injured arm, and instructed her to limit the use of her arm until the tenderness and soreness she was experiencing subsided. Canizaro returned to work on the first work day following the accident. However, she did not file an Employer's Report of Occupational Injury or Disease with her employer for several months.
After reporting the accident to her employer, Canizaro began treatment with Dr. R.T. McAfee, an orthopedic surgeon. Dr. McAfee diagnosed Canizaro with lateral epicondylitis, degenerative disc disease of the neck and cervical strain. He later recommended that Canizaro consult with a neurosurgeon for evaluation and treatment of her neck. On October 31, 2000, Dr. McAfee determined that Canizaro was unable to work. However, in April 2001, Dr. McAfee concluded that Canizaro's condition had improved and released her to return to work with light duty restrictions. On July 31, 2001, Dr. McAfee reiterated that Canizaro was released to return to work at a "light physical demand level" and that Canizaro needed to be evaluated by a neurosurgeon.
After receiving notice that Canizaro was released to work with light-duty restrictions, Deborah Browning, the principal of Loranger Elementary School, sent Canizaro a letter setting forth a schedule of duties structured to accommodate those restrictions. Browning requested that Canizaro have her doctor approve the schedule after reviewing it to determine whether Canizaro could perform the duties set forth without risk of further injury. Canizaro did not respond to Browning's request and did not return to work.
Ultimately, Browning requested that the School System release Canizaro from her employment. The personnel director of the School System notified Canizaro by letter that a recommendation to terminate her employment would be made to the School Board if she did not return to work by Monday, October 1, 2001. In a letter dated October 2, 2001, the personnel director notified Canizaro that although every effort had been made to accommodate the light duty her doctor had released her under, she chose not to return to work, therefore a recommendation to terminate her employment would be made to the School Board.
The School Board paid Canizaro temporary total disability benefits (TTDs) from the time Dr. McAfee determined that she was unable to work until August 17, 2001. On October 29, 2001, Canizaro filed a disputed claim for compensation benefits against the School System and its workers' compensation insurer, Littleton Risk Services, contending that wage benefits had been terminated, recommended medical treatment had not been authorized, that she was temporarily or permanently and totally disabled, that no meaningful rehabilitation was offered to her and alleging her entitlement to statutory penalties and attorney fees. On April 18, 2002, the School System reinstated payment of TTDs, paid Canizaro TTDs for the previous six months, and instituted vocational rehabilitation.
Trial in this matter was held June 24, 2002. After hearing the testimony and reviewing the evidence presented, the workers' compensation judge (WCJ) denied Canizaro's claim for indemnity benefits because the School Board was already paying TTDs. The WCJ also denied Canizaro's claims for penalties and attorney fees, then dismissed Canizaro's claims without prejudice, with each party to bear their own costs. Canizaro now appeals.

TTDs
The WCJ stated that she was denying Canizaro's claim for indemnity benefits, *744 in the form of either TTDs or permanent disability benefits, because the School Board was already making such payments. We find this to be legal error. At trial, the School Board stipulated that it would continue to pay Canizaro TTDs until she was either released from vocational rehabilitation or otherwise. Judgment should have been entered reflecting the stipulation. We therefore reverse that portion of the judgment denying Canizaro's claims for benefits and enter judgment based on the stipulation.[2]

VOCATIONAL REHABILITATION SERVICES
The School Board's stipulation also encompassed payment of vocational rehabilitation services. Therefore, for the same reasons that we enter judgment with regard to indemnity benefits, we enter judgment for vocational rehabilitation services.

PENALTIES AND ATTORNEY FEES
At trial, Canizaro claimed entitlement to penalties and attorney fees for termination of benefits, failure to offer vocational rehabilitation, and refusal to provide medical treatment or benefits. On appeal, Canizaro claims the WCJ erred in determining that she was not entitled to penalties and attorney fees on any of those grounds.
Penalties and attorney fees are recoverable under LSA-R.S. 23:1201 F if the employer or insurer fails to commence payments of benefits timely or to pay continued installments or medical benefits timely, unless the claim is reasonably controverted. Attorney fees are recoverable under LSA-R.S. 23:1201.2 if the employer or insurer arbitrarily discontinues payment of benefits due.[3] These statutes provide for imposition of penalties and attorney fees to discourage indifference and undesirable conduct by employers and insurers, and are essentially penal in nature. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed.[4]
In the instant case, there is no dispute regarding timely commencement of TTDs. Rather, Canizaro contends that penalties and attorney fees are due for discontinuation of TTDs. Thus, this claim is governed by LSA-R.S. 23:1201.2 and the only inquiry is whether the employer acted arbitrarily, capriciously and without probable cause in discontinuing the payment of TTDs so as to warrant imposition of attorney fees.[5]
The School System's decision to discontinue payment of TTDs was based on Canizaro's release to light duty work by her treating physician. This evidence provided a reasonable basis for the School System's decision. Therefore, the School System did not act in an arbitrary and capricious manner by discontinuing benefits. We find no error in the WCJ's determination that no penalties or attorney fees are owed for discontinuation of TTDs.
Canizaro also sought penalties and attorney fees for the School System's failure to offer vocational rehabilitation or appoint a vocational rehabilitation specialist until shortly before trial. Under LSA-R.S. 23:1226 A, an employee is entitled to prompt rehabilitation services when the employee has suffered an injury that precludes *745 her from earning wages equal to wages earned prior to the injury. Our supreme court has held that vocational rehabilitation is a "claim due" under LSA-R.S. 23:1201.2.[6] Thus, an employee is entitled to attorney fees incurred during the prosecution of a claim against her employer for vocational rehabilitation services after those services have been arbitrarily and capriciously denied.[7]
The purpose of LSA-R.S. 23:1226 is to educate and increase the job marketability of employees who cannot return to their former positions. However, this does not include employees who are able to return to work but refuse to do so.[8] Based on the evidence presented, including the modified schedule of duties offered to Canizaro by the school principal and Canizaro's failure to respond to the offer to accommodate her restrictions, we are unable to find that the School System was arbitrary and capricious.
The third ground Canizaro asserted as grounds for entitlement to attorney fees was that the School System refused payment of medical treatment. On appeal, Canizaro contends the School System refused her medical treatment from Dr. Loupe, her treating orthopedic surgeon, between September 12, 2001 and May 23, 2002. However, the WCJ correctly recognized that the record lacks any evidence showing that a request for treatment by Dr. Loupe was denied. Accordingly, there is no basis for imposition of penalties or attorney fees.[9]

COURT COSTS
Finally, Canizaro contends the WCJ erred in assessing court costs equally to each party. However, under LSA-C.C.P. art.1920, a court may render a judgment for costs against any party, as it may consider equitable. Considering the WCJ's denial of Canizaro's claims for penalties and attorney fees, we find no error in her decision to assess Canizaro with one-half of the court costs.[10]

CONCLUSION
For the foregoing reasons, we reverse that portion of the judgment denying Canizaro's claim for indemnity benefits and, based on the stipulation entered in open court, enter judgment ordering that the Tangipahoa Parish School System provide Canizaro with vocational rehabilitation services and pay Canizaro temporary total disability benefits until such time as Canizaro is released from vocational rehabilitation or otherwise. In all other respects, the judgment appealed from is affirmed. Costs of this appeal in the amount of $528.50 are to be divided equally between *746 Jo Ann Canizaro and the Tangipahoa Parish School System.
REVERSED IN PART; RENDERED; AND AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note that in her assignment of error, Canizaro raises the issue of entitlement to interest. However, Canizaro did not brief the issue and we therefore deem it abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4.
[3] Williams v. Rush Masonry, Inc., 98-2271, p. 7 (La.6/29/99), 737 So.2d 41, 45.
[4] Williams, 737 So.2d at 46.
[5] See Williams, 737 So.2d at 45.
[6] Haynes v. Williams Fence and Aluminum, XXXX-XXXX, XXXX-XXXX, p. 2 (La.4/21/03), 851 So.2d 917, 918.
[7] Alexander v. Roy O. Martin Lumber Co., 00-1344, p. 11 (La.App. 3rd Cir.5/9/01), 784 So.2d 872, 880, writ denied, XXXX-XXXX (La.9/21/01), 797 So.2d 676.
[8] Williams v. Kirk's Tire and Performance Co., 546 So.2d 874, 880 (La.App. 1st Cir.1989).
[9] We note that in her appellate brief, Canizaro cites LSA-R.S. 23:1121 C as the provision under which such attorney fees are due. Louisiana Revised Statute 23:1121 C applies when an employer's failure to consent to an employee's request to select or change treating physicians is determined to be arbitrary, capricious, or without probable cause. We find no evidence in the record to indicate that the School System failed to consent to any such request. Accordingly, there is no basis for an award of attorney fees under LSA-R.S. 23:1121 C.
[10] Canizaro also contends the WCJ erred in dismissing her suit, however, because we enter judgment based on the stipulation presented at trial, this issue is moot.