STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1032

FLOYD BOONE, JR.

VERSUS

MID-STATE MARKETING

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 02-03751
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, C.J., Marc T. Amy, and Michael G. Sullivan, Judges.

AMY, J., CONCURS IN PART AND DISSENTS IN PART AND ASSIGNS WRITTEN REASONS.

AFFIRMED.

Christopher Jude Roy, Jr.
P. O. Box 1592
Alexandria, LA 71309-1592
Telephone: (318) 487-9537
COUNSEL FOR:
        Plaintiff/Appellee - Floyd Boone, Jr.

Douglas Jay Cochran
McKay, Williamson, Lutgring & Cochran
723 North Boulevard
Baton Rouge, LA 70802
Telephone: (225) 389-1060
COUNSEL FOR:
        Defendant/Appellant - Mid-State Marketing

THIBODEAUX, Chief Judge.

In this workers' compensation case, the defendant, Mid-State Marketing (MSM), appeals the judgment of the Office of Workers' Compensation (OWC) finding that the plaintiff, Floyd Boone, Jr., proved that he was temporarily and totally disabled as a result of his work-related accident and that MSM's handling of Mr. Boone's claim was arbitrary, capricious and unreasonable. The OWC awarded Mr. Boone several items of compensation and penalties, including temporary total disability benefits (TTD). We agree with the OWC and affirm the judgment. We also award an additional $2,500.00 in attorney fees for work done on appeal.

I.

**ISSUES**

The issues on appeal are:

(1) Was the workers' compensation judge (WCJ) manifestly erroneous in deciding that Mr. Boone was not foreclosed from obtaining relief because of an alleged violation of La.R.S. 23:1208(A);

(2) Did Mr. Boone's failure to plead attorney fees and penalties in the answer foreclose an award of attorney fees and penalties;

(3) Was the WCJ manifestly erroneous in deciding that Mr. Boone was entitled to temporary total disability benefits; and,

(4) Was the WCJ manifestly erroneous in finding that Mr. Boone suffered a mental injury which was caused by his work-place accident.

1

## FACTS

Mr. Boone was employed as a delivery man and a route salesman by Mid-State Marketing, a Borden's milk distributor. On July 25, 2001, he was delivering a five gallon bag of milk to a nursing home and placing it on a shelf when he felt something "pop" in his back.

He testified that he informed Terry Smith, a supervisor, but didn't complete an accident report. On August 9, 2001, Mr. Boone reported the accident to his immediate supervisor, Mr. Fitzhugh Crockett. An accident report was filled out and his employer sent him to Louisiana Occupational Health Services (LOHS), where he saw Dr. Brian Jobe. On August 13, Dr. Jobe diagnosed a back strain with some radiculopathy, but allowed Mr. Boone to continue to work.

Mr. Boone testified that he subsequently asked his employer to see another doctor of his choice. Mr. Crockett told Mr. Boone he could do so, but he would have to use his own health insurance since he was not going back to LOHS. Mr. Boone proceeded to use his own health insurance and went to see Dr. Stephen Downs, his family doctor, in October and November of 2001.

On the October and November visits, Mr. Boone reported to Dr. Downs that he had low back pain and groin pain. Mr. Boone was diagnosed with a right groin strain. Nevertheless, he continued to work for the employer.

On February 5, 2002, Mr. Boone returned to LOHS and was examined by Dr. Jobe. The purpose of the examination was to obtain a commercial drivers license (CDL). Mr. Boone completed and signed a questionnaire form for Dr. Jobe. He testified that all of the information he provided to Dr. Jobe may not have been true because he wanted to pass the examination to get the CDL. He indicated on the

2

signed form that he had suffered no illness or injury in the last five years and that he had not suffered any spinal injury or disease or chronic low back pain.

On March 5, 2002, Mr. Boone went to the Rapides Regional Medical Center (RRMC) for treatment. He testified that the pain had worsened to the extent that he had to seek care for it. In those records, he indicated that he had a fall one month earlier and continued to have low back pain with pain radiating down his left leg. Mr. Boone testified that he might have indicated that he had a fall only as a means to obtain treatment.

After the RRMC visit, Mr. Boone visited Dr. Downs again. Dr. Downs ordered an MRI on his low back, which was positive for a ruptured lumbar disk on the left side. Once Dr. Downs knew that Boone had a ruptured disc, he gave work restrictions to Boone to not lift anything over ten pounds. Mr. Boone brought those restrictions to the attention of his employer, who informed him that there were no light-duty jobs available, and he would no longer be able to work. Mr. Boone did not return to work.

On March 15, 2002, Mr. Boone contacted Louisiana Restaurant Association Self Insurers Fund (LRASIF), MSM's insurer, to see whether it would pay workers' compensation benefits since Dr. Wilson stated that he could no longer perform his usual work activities. LRASIF did not pay Mr. Boone indemnity benefits and did not authorize or pay for his medical treatment. Mr. Boone file a disputed claim for compensation with the Office of Workers' Compensation (OWC) on May 23, 2002 when his claims were denied by LRASIF.

After the MRI, Dr. Downs scheduled Mr. Boone to see Dr. Katz for epidural steroid injections. After the epidural steroid injections failed, Mr. Boone was referred to Dr. Andrew Wilson, a local neurosurgeon, for further treatment. On April 24, 2002, Mr. Boone underwent surgery by Dr. Wilson to repair the ruptured disk.

3

The case was heard before the OWC on January 16, 2002. On March 11, 2003, the WCJ issued judgment in favor of Mr. Boone on all issues. He also awarded penalties and attorney fees finding LRASIF's conduct arbitrary and capricious.

The WCJ awarded Mr. Boone TTD benefits in the amount of $352.77, mileage expenses of $215.36 and reimbursement of all out-of-pocket medical expenses. He ordered that Mr. Boone be allowed to see a neurosurgeon, namely Dr. Andrew Wilson, and a psychologist of his choice and that an FCE be performed on Mr. Boone. He also awarded the following penalties: a $2,000.00 penalty for failure to pay his out-of-pocket medical expenses; a $2,000.00 penalty for failure to pay indemnity benefits; a $2,000.00 penalty for failure to timely pay mileage benefits; a $2,000.00 penalty for failure to provide vocational rehabilitation; a $2,000.00 penalty for failure to authorize a treating physician of Mr. Boone's choice; a $2,000.00 penalty for failure to provide treatment and a physician for psychological treatment. He awarded attorney fees of $10,000.00.

The LRASIF appealed. Mr. Boone answered the appeal seeking additional penalties and attorney fees for the appeal of his case and for an award of cost for the medical depositions and stenographer costs submitted at trial.

III.

**LAW AND DISCUSSION**

***Standard of Review***

"Factual findings in a workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review." *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 7(La. 7/1/97), 696 So.2d 551, 556. In applying the manifest error-clearly wrong standard, the appellate court must determine "not whether the trier of fact was right or wrong, but whether the fact

4

finder's conclusion was a reasonable one." *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Id.* Accordingly, if the trier of fact's "findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

### *Fraud/Misrepresentation*

The LRASIF argues that Mr. Boone made inconsistent statements to medical personnel that amounted to fraud bringing him under the ambit of La.R.S. 23:1208.

Louisiana Revised Statutes 23:1208(A) provides, "It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." Pursuant to *Resweber v. Haroil Constr. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7, there must be a false statement or statements willfully made for the purpose of obtaining workers' compensation benefits.

Whether Mr. Boone made false statements for the purpose of obtaining workers' compensation benefits is a disputed issue in this case. However, fraud/misrepresentation was not plead by the defendant under La.Code Civ.P. art. 1005, which states: "the answer shall set forth affirmatively . . . fraud . . . and any other matter constituting an affirmative defense." Paragraph 12 of the defendant's answer only addressed set-offs and credits; it did not mention misrepresentation or fraud.

5

Furthermore, the record discloses that the defendant specifically stated that "a 1208 has not been asserted." This statement amounted to a judicial admission. See La.Civ.Code. art. 1853. "A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary. Such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue." *Succession of Poland*, 34,291, p. 4 (La.App. 2 Cir. 4/4/01), 784 So.2d 701, 704.

Inasmuch as the defendant did not address the issue of fraud/misrepresentation in its answer and stated at the beginning of the trial that it was not asserting this affirmative defense it is foreclosed from arguing the merits of this defense.

### *Attorney Fees and Penalties*

The LRASIF asserts that Mr. Boone did not specifically allege attorney fees and penalties in his claim for compensation; thus, he should not have been awarded them. The defendant claims that statutory penalties and attorney fees are items of special damages which must be specifically alleged.

Louisiana Code of Civil Procedure Article 861 states that, "[w]hen items of special damage are claimed, they shall be specifically alleged." Although some cases have ruled that, pursuant to La.Code. Civ.P. art. 861, attorney fees and penalties are items of special damages and thus must be specifically alleged, we decline to follow this line of cases. See *Smith v. Howell Indus., Inc.*, 579 So.2d 1236 (La.App. 3 Cir. 1991); *Mix v. Mougeot*, 446 So.2d 1352 (La.App. 1 Cir. 1984). Damages are provided to make the victim whole. On the other hand, penalties and attorney fees are punitive in a nature and are not provided to make the victim whole. Rather, the primary purpose is to deter the irresponsible handling of workers' compensation

6

claims. See *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41; *Nation v. D & J Tire, Inc.*, 31,345 (La.App. 2 Cir. 12/9/98), 722 So.2d 364; *Jeansonne v. American Native Const.*, 97-1228 (La.App. 3 Cir. 3/6/98), 710 So.2d 306; *Sharp v. Daigre*, 545 So.2d 1063 (La.App. 1 Cir.), *writ granted*, 550 So.2d 640 (La.1989). Special damages usually include items such as medical costs, loss wages and loss of earning capacity. See *Dorvilier v. Gagliano*, 02-2765 (La.App. 4 Cir. 8/27/03), 855 So.2d 393; *Gagnard v. Baldridge*, 612 So.2d 732 (La.1993). Because penalties and attorney fees are punitive in nature, they are not special damages.

Even if penalties and attorney fees are considered special damages, La.Code. Civ.P. art. 861 is still not applicable to the facts of this case. Mr. Boone claims that this case is similar to *Haynes v. Lee White Wrecker Service.*, 92-523 (La.App. 4 Cir. 1993), 612 So.2d 944. The court in *Haynes* did not foreclose penalties and attorney fees even though the claimant did not specifically allege them. The court reasoned that the claimant was not represented by an attorney when he filled out the 1008 and, thus, should not be penalized for not requesting this type of award. In addition, the court concluded that the claimant alleged facts in his petition which supported a claim for penalties and attorney fees, which gave the employer notice that arbitrary and capricious behavior on his part was an issue.

In this case, Mr. Boone was represented by an attorney. However, Mr. Boone, not his attorney, filed the 1008 form. In addition, Mr. Boone's letter to the adjuster and pretrial memorandum gave the employer notice that arbitrary and capricious behavior on its part was an issue and notified the defendant that penalties and attorney fees were being sought.

Moreover, La.Code Civ.P. art. 862 provides: "a final judgement shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer

7

for general and equitable relief." Moreover, Louisiana Revised Statutes 23:1201 provides that penalties and fees *shall* be awarded if an appropriate violation occurs and is proven. In this case, the WCJ granted relief to Mr. Boone and awarded him penalties and attorney fees. Under La.Code Civ.P. art 862, this award was valid even though it was not prayed for in the petition.

The defendant further claims that penalties for failure to provide vocational rehabilitation are not legally awardable. "Penalties and attorney fees are recoverable under La.R.S. 23:1201(F) if the employer or insurer fails to commence payments of benefits timely or to pay continued installments or medical benefits timely, unless the claim is reasonably controverted." *Canizaro v. Tangipahoa Parish School System*, 02-1913, p. 4 (La.App. 1 Cir. 8/20/03), 853 So.2d 741, 744. "Attorney fees are recoverable under La.R.S. 23:1201.2 if the employer or insurer arbitrarily discontinues payment of benefits due." *Id.*

The supreme court has held that vocational rehabilitation is a "claim due" under La.R.S. 23:1201.2. *Haynes v. Williams Fence and Aluminum*, 02-442 (La. 4/23/03), 851 So.2d 917. "Thus, an employee is entitled to attorney fees incurred during the prosecution of a claim against her employer for vocational rehabilitation services after those services have been arbitrarily and capriciously denied." *Canizaro,* 853 So.2d at 745.

However, the law is unclear as to whether penalties are available under La.R.S. 23:1201(F) for failure to provide vocational rehabilitation services.[1] The WCJ provided a penalty for the defendant's failure to offer vocational rehabilitation or appoint a vocational rehabilitation specialist. Under La.R.S. 23:1226(A), an employee

---

[1]See *Dubois v. Louisiana Forest Indus., Inc.*, 98-895 (La.App. 3 Cir. 12/9/98), 722 So.2d 409, *writ denied*, 99-49, (La. 2/26/99), 738 So.2d 586; *Chelette v. Riverwood Int'l USA, Inc.*, 03-1483 (La. 10/17/03), 858 So.2d 412.

is entitled to prompt rehabilitation services when the employee has suffered an injury that precludes her from earning wages equal to wages earned prior to the injury. If attorney fees are available for discontinuance of rehabilitation, then penalties should also be available for failure to commence vocational rehabilitation. Both La.R.S. 23:1201 (F) and La.R.S. 23:1201.2 are penal in nature and provide for imposition of penalties and attorney fees to discourage indifference and undesirable conduct by employers and insurers. See *Williams*, 737 So.2d 41.

Furthermore, many cases in the Third Circuit have held that sham rehabilitation subjects one to penalties and attorney fees.[2] Sham rehabilitation is the functional equivalent of no rehabilitation. Thus, if sham rehabilitation subjects one to attorney fees and penalties, then failure to provide rehabilitation also subjects one to penalties and attorney fees.

The defendant also claims that the WCJ erred in awarding penalties for failure to approve a neurosurgeon and psychological care. In *Authement v. Shappert Engineering*, 02-1631(La. 2/25/03), 840 So.2d 1181, the supreme court recognized that failure to authorize comes under La.R.S. 23:1203(A). Under La.R.S. 23:1203(A), the employer is obligated to "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal. . . ." Thus, a failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. La.R.S. 23:1201(F)(2); *Authement*, 840 So.2d 1181.

In this case, the defendant failed to authorize a neurosurgeon and psychological treatment for Mr. Boone. "[T]o reasonably controvert a claim, the

---

[2]See *Leger v. Young Broadcasting, Inc.*, 98-572 (La.App. 3 Cir. 10/28/98), 720 So.2d 817, *writ denied*, 98-2953 (La. 2/5/99), 738 So.2d 1; *Britton v. City of Natchitoches*, 97-1038 (La.App. 3 Cir. 2/11/98), 707 So.2d 142, *writ denied*, 98-1203 (La. 6/26/98), 719 So.2d 1057.

defendant must have some valid reason or evidence upon which to base his denial of benefits." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/01/98), 721 So.2d 885, 890. The defendant provided insufficient evidence to controvert Mr. Boone's claims. The defendant only claimed that it did not believe that Mr. Boone's back problems were related to his accident given the manner of medical treatment, the reporting of the incident in an untimely manner, and the lack of credibility during the investigation of the matter. However, an unjustified belief that an injury did not result from a work-related accident does not excuse the failure to pay. *Nelson v. Roadway Express*, 588 So.2d 350 (La.1991).

With regard to the neurosurgeon, the WCJ stated in its oral reasons for judgment "they [the doctors] all testified that they felt he was straightforward and was doing his best in telling them what he could about his situation. Everything corroborated-all the medical records and all the history corroborated the incident on July 25th of 2001."

With regard to the psychological care, he stated:

> After his surgery Mr. Boone never returned to work. His testimony and that of his former girlfriend established that he had no depression problems prior to his accident, that subsequent to the accident he began feeling worthless because he was not bringing home any money and that he sought psychiatric or psychological help for his distressed and depressed situation.

The WCJ determined that there was a lack of a sufficient and complete investigation performed on behalf of the employer and that Mr. Boone was entitled to recover penalties and attorney fees. "The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact." *Authement*, 840 So.2d at 1188. Factual findings are subject to the manifest error or clearly wrong standard of review. *Banks*, 696 So.2d 551.

10

The record available to the WCJ contained sufficient factual information from which to conclude the defendant failed to authorize medical treatment and psychological care. This failure to authorize amounted to a failure to furnish treatment under La.R.S. 23:1203(A); thus we cannot say that the WCJ was manifestly erroneous in awarding penalties and attorney fees.

### *Temporary Total Disability Entitlement*

The LRASIF argues that Mr. Boone did not satisfy his burden of proof. It claims that Mr. Boone recovered from the July 25, 2001 workplace accident and that a second accident, prior to his March emergency room visit at RRMC, was the cause of his injuries.

In a workers' compensation case, an injured employee has the burden of proving by a preponderance of the evidence that his employment accident caused the alleged disability. *Martin v. Red Simpson, Inc.,* 94-817 (La.App. 3 Cir. 2/1/95), 649 So.2d 1155. Mr. Boone bears the burden of proving by a preponderance of the evidence the causal relationship between his herniated disk and the accident of July 25, 2001.

In order for an employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. *Peloquin v. Eunice News*, 98-1524 (La.App. 3 Cir. 4/28/99), 737 So.2d 132, *writ denied*, 99-1573 (La. 9/17/99), 747 So.2d 563. "[T]he element of causation is satisfied if the employee's work-related accident was a *factor* in bringing about the employee's disabled status." *Rideaux v. Franklin Nursing Home*, 95-240, p. 5 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, 755, *writ denied*, 95-3093 (La. 2/16/96), 667 So.2d 1058.

11

The defendant introduced evidence that Mr. Boone had fallen from a third floor balcony before his March visit to RRMC. However, medical records demonstrate that he only had chest and rib pains, and no injuries associated with his back at that time. Testimony also revealed that sometime in November of 2001, Mr. Boone may have slipped in the back of his milk truck. However, Mr. Boone didn't report any problem and said that he didn't have any injury from that. The WCJ was not persuaded by this evidence and stated "[s]pecifically each and every doctor, including Doctor Allen Joseph which was the employer's choice of doctor, even aware of all these other records, all concluded that the incident in July 25th of 2001 was a factor in bringing about the herniated disk, if not the factor for the disk."

The trial court's decision as to whether the testimony is credible or not is a factual determination not to be disturbed on review unless clearly wrong or in absence of showing manifest error. *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822 (La.App. 2 Cir.), *writ denied*, 536 So.2d 1200 (La.1988). The WCJ relied on the testimony of Mr. Boone and his doctors in finding that his July 25, 2001 incident was a factor in bringing about his injuries. We cannot say that the WCJ's finding was manifestly erroneous.

### *Mental Injury*

The defendant argues, in its final assignment of error, that Mr. Boone did not satisfy by clear and convincing evidence his burden of proof for mental injury resulting from a physical injury under La.R.S. 23:1021(7)(c).

> In order to obtain compensation benefits for a mental injury caused by a physical injury, (1) the claimant must prove by clear and convincing evidence that the physical injury caused the mental injury, (2) the mental injury must be diagnosed by a licensed psychiatrist or psychologist, and (3) the diagnosis must meet the most current criteria established by the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders.

*Howell v. Serv. Merch. Co., Inc.*, 95-79, p. 5 (La.App. 3 Cir. 8/9/95), 663 So.2d 96, 99.

"To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable; that is, much more probable than its nonexistence." *Bundren v. Affiliated Nursing Homes, Inc.*, 94-808, p. 2 (La.App. 3 Cir. 2/1/95), 649 So.2d 1177, 1179. "A claimant's own testimony that he experienced debilitating depression after a work-related back injury, combined with the testimony of family members and a psychologist, can constitute clear and convincing evidence to support a finding that the claimant has suffered a mental injury as a result of the back injury." *Howell*, 663 So.2d at 100.

Mr. Boone's former girlfriend testified that he had become extremely depressed because of the work-related injury and increased pain. She stated that she had not seen him this way prior to his injury, and that after the injury, his mental state decreased. Mr. Boone testified that he had become extremely depressed as a result of his inability to work and the pain he was having. In addition, Mr. Boone submitted records from Dr. Benghozi and the Alexandria Wellness Center reflecting his diagnosis of depression.

The defendant argues that Mr. Boone cannot recover for his mental injury because he failed to prove that Dr. Benghozi's diagnosis meets the criteria as established in the current edition of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association, as required by La.R.S. 23:1021(7)(d). However, *Howell*, 663 So.2d at 100, noted that this technicality is not dispositive.

In this case, as in *Howell*, there are several factors that lead to the conclusion that Mr. Boone's diagnosis was valid: (1) Mr. Boone was diagnosed with depression and chronic pain syndrome by Dr. Benghozi; (2) this diagnosis was

13

corroborated by the Alexandria Wellness Center; (3) before rendering a diagnosis, each doctor questioned Mr. Boone about his medical history; (4) before rendering his diagnosis, Dr. Benghozi conducted a standard clinical examination; and (5) no evidence in the record suggests that this diagnosis is unreliable.

Mr. Boone's own testimony, the testimony of his girlfriend, and the diagnosis of Dr. Benghozi and The Alexandra Wellness Center provided sufficient evidence for Mr. Boone to overcome his burden of proof. Thus, we cannot say that the WCJ's finding that Mr. Boone suffered a mental injury which was caused by the workplace accident was manifestly erroneous.

IV.

**CONCLUSION**

For the above reasons, the judgment appealed from is affirmed. We award an additional attorney fees of $2,500.00 on appeal. Costs of this appeal are assessed to Mid-State Marketing.

**AFFIRMED**.

14

NUMBER 03-1032

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

FLOYD BOONE, JR.

VERSUS

MID-STATE MARKETING

AMY, J., concurring in part, dissenting in part.

I join in the majority's affirmation of the award of temporary total disability benefits. I also agree that the employer's failure to raise the defense of La.R.S. 23:1208 below precludes the assertion of that defense on appeal. With regard to the employer's remaining assignments, however, I conclude that a reversal is warranted.

First, I find that the workers' compensation judge erred in awarding penalties and attorney's fees as these items were not specifically alleged. Although penalties and attorney's fees are punitive in nature, I conclude that they are "items of special damages" within the meaning of La.Code Civ.P. art. 861. *See Box v. City of Baton Rouge*, 02-0198 (La.App. 1 Cir. 1/15/03), 846 So.2d 13; *Coscino v. Louisiana State Boxing and Wrestling Com'n*, 97-2733 (La.App. 4 Cir. 9/9/98), 718 So.2d 1016; *Dennis v. Allstate Ins. Co.*, 94-305 (La.App. 5 Cir. 10/25/94), 645 So.2d 763; *Smith v. Howell Industries, Inc.*, 579 So.2d 1236 (La.App. 3 Cir. 1991); *Mix v. Mougeot*, 446 So.2d 1352 (La.App. 1 Cir. 1981). Furthermore, I note that the employer objected to the expansion of the pleadings in this regard at the beginning of the hearing. Thus, I conclude that the determination that the pleadings were expanded as to the request for penalties and attorney's fees was inappropriate under La.Code Civ.P. art. 1154. As I find a reversal of the award of penalties and attorney's fees appropriate, I do not reach the merits of each individual penalty awarded.

I would also reverse the award for mental injuries as I find the evidence offered was insufficient to meet the claimant's burden of establishing that it arose out of the employment related physical injury by clear and convincing evidence. *See* La.R.S. 23:1021(7)(c). According to La.R.S. 23:1021(7)(d), a mental injury/illness is not compensable absent diagnosis "by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association." My review of the record indicates that the claimant's evidence is insufficiently particularized to satisfy the requirements of the statute.

For these reasons, I concur in part, dissent in part.